## The State v. Vandeveer.

Under the 4th subdivision of Article 395 Code of Criminal Jurisprudence, where the christian name of a party accused is unknown, the indictment should state that his name is unknown; and give some description of him, and assign him a fictitious name.

Indictment that Vandeveer, whose christian name is unknown, did, &c., sell ardent spirits in less than a quart, without having obtained a license therefor, quashed upon motion.

Appeal from Harris. Tried below before Hon. Peter W. Gray.

*J. Willie*, Attorney General for the State. The defendant was indicted by the name of —— Vandeveer, with the allegation that his christian name was to the Grand Jury unknown. The indictment being excepted to for this defect, the exception was sustained, and the question is presented whether this cause was sufficient to authorize the judgment given.

This was under the Code a formal exception, and was probably entertained under Article 488 of the Code of Criminal Procedure. In permitting the objection to the want of a proper designation of the party by name to be made in this manner, it is believed that the true intention of the Code has been misunderstood. Article 395, in enumerating the requisites of an indictment, (in the fourth subdivision,) declares one of these requisites to be that some name be given to the accused, or that it be stated his name is unknown, and a fictitious one be assigned. This evidently refers to the family or surname, and not to the christian or given name. So that an indictment cannot be defective upon its face which gives to a party any name, whether single or double, real or fictitious. It was mere surplusage to allege that the first name of the defendant was unknown.

When the name thus given by the indictmen is not the true name, or is only a part of the true name, the mode of taking advantage of this is pointed out by Articles 468, '9, 470 ; (and see Art. 479.)

So that the defendant not having in this case availed himself of the mode prescribed, it was error in the Court to sustain the exception, and require the District Attorney to amend.

WHEELER, J. The Court did not err in quashing the indictment. It was not necessary that the accused should be indicted by his true name, if it was not known. But then it was necessary that the indictment should state that his name was unknown, and give some description of him, and assign to him a fictitious name. (C. C. P., Art. 395, 488.) If, after stating that the christian name of the accused was unknown, the indictment had proceeded, as the law directs, to give some description of him, and had added that as his true christian name was unknown, the jury assigned the christian name of John, James, or any other they saw proper, it would have been a compliance with the law. Men, in this country, as universally have a christian as a surname ; and the one is, in general, as essential as the other, where the law requires the name of a person to be stated in judicial proceedings. To dispense with one in an indictment would be an innovation upon established usage in all legal proceedings, which, it is believed, the Code did not contemplate. Where it requires that the indictment shall contain the name of the accused (Art. 395) we suppose it to mean the name by which that person is distinguished from others, as well of the family as the race ; that is the christian and surname of the individual. It is not enough that one only is given, unless by possibility the person should have but one, which will seldom, if ever, happen. The law is plain and imperative, and its requirements must be observed. The judgment is affirmed.

                                        Judgment affirmed.