[No. 1599.]

Victor, a Mexican, *v.* The State.

1. INDICTMENT.—In prescribing the requisites of indictments, the statute (Code of Criminal Procedure, Article 425) provides that in alleging the name of the accused, one or more of the initials of the Christian name and the surname shall be sufficient but when the name is unknown to

the grand jury that fact must be stated, and a reasonably accurate description of him must be given in the indictment. An indictment which describes the defendant as "one Victor, a Mexican, whose other name is to the grand jurors unknown," does not comply with the statute.

2. EMBEZZLEMENT — EVIDENCE—FACT CASE.—See evidence held insufficient to support a conviction for embezzlement, inasmuch as it fails to identify, with certainty, the party on trial, and discloses other evidence attainable but not adduced.

APPEAL from the District Court of La Salle. Tried below before the Hon. D. P. Marr.

The indictment charged the embezzlement of a horse, the property of H. V. Murchison. The trial resulted in conviction, and the penalty awarded was a term of five years in the penitentiary.

H. V. Murchison was the first witness for the State. He testified that he would not positively swear that the defendant was the man who got his horse, but he verily believed so. At the time of the appropriation of the horse the witness was in the employ Mr. Mills, and was living four or five miles from Fort Ewell in La Salle county, Texas. Witness attended the fall term of the court at Fort Ewell, in 1881, as a juror, and while there learned from Mr. Baylor that about one hundred and fifty of Mills's sheep had estrayed to a point about two or three miles from Fort Ewell. He thereupon employed this man to go after the sheep and bring them to him at Fort Ewell on that day, and put him on his (witness's) horse for that purpose. Since then the witness has never seen his horse, saddle or bridle, nor, until the day before this trial, the defendant. He took a good look at the man at the time, and knew that he had worked for Chaffie Moore, and while morally certain that the defendant on trial was that man, the witness would not absolutely swear to that fact.

Sheriff McKinney, of La Salle county, testified that he sent a capias to Uvalde county for the defendant, and received the defendant on trial from the Bexar county jail, of the sheriff of Bexar county.

The motion for new trial presented the questions involved in the opinion.

No brief for the appellant.

J. H. Burts, Assistant Attorney General, for the State.

WILLSON, JUDGE. The indictment names and describes the accused as follows: " One Victor, a Mexican, whose other name is to the grand jurors unknown." The defendant excepted to the indictment upon several grounds, one of which was that it did not contain the name of the accused, nor give a reasonably accurate description of him. His exceptions were overruled.

One of the prescribed requisites of an indictment is that, " It must contain the name of the accused, or state that his name is unknown; and in case his name is unknown, give a reasonably accurate description of him." (Code Crim. Proc., Art. 420.) It is further provided that, in alleging the name, one or more of the initials of the Christian name and the surname shall be sufficient, but when the name is unknown to the grand jury that fact must be stated, and a reasonably accurate description of him must be given in the indictment. (Code Crim. Proc., Art. 425.)

In *Harris* v. *The State*, 2 Texas Court of Appeals, 102, it was held, that, under the law as it then was, it was sufficient to allege the surname of the accused, and that his Christian name was unknown to the grand jury. But since the decision of that case material changes have been made in the law with respect to this subject, as will be readily perceived by comparing the articles of the Revised Code of Criminal Procedure which we have above cited, with Article 395 of the same Code, in force at the time the above cited case was decided. It is now required that, when the name of the accused is unknown, that fact shall be stated, and, further, that a *reasonably accurate description of him be given in the indictment.* This reasonably accurate description was not in terms required by the law in force prior to the adoption of the Revised Statutes. But even under the law as it then was, our Supreme Court in *Vandeveer* v. *The State*, 21 Texas, 335, held that an indictment, which alleged the name of the accused to be Vandeveer, whose Christian name was to the grand jury unknown, without giving any description of him, and without assigning to him a fictitious Christian name, was not a good indictment. There is a conflict in the two decisions we have cited, but we think that conflict has been settled by the change in the statute, which we have mentioned, and, in the language of Justice Wheeler in the Vandeveer case, " the law is plain and imperative, and its requirements must be observed."

It was necessary, therefore, that the indictment in this case should have contained a reasonably accurate description of the

accused. Does it fulfill this requirement? It gives no other description of him than that he is a Mexican. Certainly it cannot be claimed that ordinarily this would be reasonably accurate. There might possibly be a state of facts which would warrant the conclusion that such a description would be sufficient, but that state of facts would have to be made to appear by the evidence, and no facts have been shown in this case which rendered it impracticable, or even inconvenient, for the grand jury to ascertain, and for the pleader to insert in the indictment, a reasonably accurate description of the accused, such as his age, height, weight, place of residence, or some other facts which would serve to identify him. We think the indictment in the particular named was defective, and that the exception to it upon that ground should have been sustained. In other respects we think the indictment was sufficient.

In view of another prosecution of the case, we think it proper to suggest that the evidence identifying the defendant as the man who received the horse from Murchison is not as satisfactory as it should be, and, as it seems to us, might be. If the defendant is in fact the man to whom Murchison entrusted the horse, then he is the same man who, before getting the horse, worked for Chaffie Moore, and Chaffie Moore would most likely be able to settle all doubts as to the defendant's identity.

Because of the insufficiency of the indictment, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Opinion delivered November 21, 1883.