Opinion delivered May 5, 1888.

---

## No. 5906.

### Pancho *v.* The State.

PLEADING—INFORMATION, to be sufficient to charge an offense under the laws of this State, must allege the name of the accused, or must state that his name is unknown and give a reasonably accurate description of him. Another rule is that in "alleging the name of the defendant, or of any other person necessary to be stated in an indictment or information, it shall be sufficient to state one or more of the initials of the Christian name, and the surname." The information in this case merely impleads "one Pancho," and is insufficient.

APPEAL from the County Court of Travis. Tried below before the Hon. J. M. Brackenridge, County Judge.

The offense attempted to be charged and for which the appellant was convicted, was betting at a gaming table exhibited for

the purpose of gaming.   A fine of ten dollars was the penalty assessed.

*A. S. Houston,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.   In both the complaint and information in this case, the only allegation as to the name or description given of the accused, is "one Pancho."   One of the requisites of an information is "that it contains the name of the person accused or (it) be stated that his name is unknown and give a reasonably accurate description of him."   (Code Crim. Proc., art. 430, subdivision 4.)   A similarily substantial requisite is prescribed for indictments.   (Code Crim. Proc., art. 420.) And it is further provided that "in alleging the name of the defendant, or of any other person necessary to be stated in an indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname."   (Code Crim. Proc., art. 425.)   These provisions of the statute have been construed by this court notably in the case of "Victor, a Mexican," 15 Texas Court of Appeals, 90, where that description of the accused was held insufficient.   (See also Vandeveer v. The State, 21 Texas, 335; Brewer v. The State, 18 Texas Ct. App., 456.)

The complaint and information are fatally defective and the judgment is therefore reversed and the prosecution is dismissed.

*Reversed and dismissed.*