## MRS. BEAUMONT v. THE CITY OF DALLAS.

### *No. 630. Decided January 16.*

Complaint—Name of Accused.—The Code of Criminal Procedure, article 236, subdivision 1, requires, that a complaint "must state the name of the accused, if known, and if not known, must give some reasonably definite description of him." *Held*, that a complaint against "Mrs. Beaumont" is fatally insufficient.

APPEAL from the City Court of Dallas. Tried below before Hon. KENNETH FORCE, Judge of the City Court.

Appellant was prosecuted by a complaint in the City Court of Dallas which charged her with keeping a disorderly house, and at the trial was convicted, the penalty assessed being a fine of $200.

The complaint is as follows:

"THE CITY OF DALLAS
    "v.                               "No. 417.
" MRS. BEAUMONT.

"Personally appeared before me, the undersigned authority, C. F. Durham, who, after being duly sworn, deposes and says that Mrs. Beaumont, whose given name is to affiant unknown, a better description of whom affiant can not give, in the city of Dallas and the State of Texas, on the 21st day of May, A. D. 1894, and before the filing of this complaint, was the owner, tenant, and lessee of a house, building, and edifice then and there situated. And she, the said Mrs. Beaumont, did then and there unlawfully keep, was concerned in keeping, and knowingly permitted to be kept, the said house, building, and edifice, for prostitution, where prostitutes were then and there permitted by the said Mrs. Beaumont to resort and reside for the purpose of plying their vocation, contrary to ordinances in such cases made and provided. [Signed] "C. F. DURHAM.

"Sworn to and subscribed before me, this 24th day of May, A. D. 1894. [Signed] "M. C. KAHN,
"Clerk of the City Court, City of Dallas, Texas."

No briefs on file.

DAVIDSON, JUDGE.—This conviction was for keeping a disorderly house.  The name of the appellant is charged as "Mrs. Beaumont." The statute requires the name of the accused to be stated in the complaint, if known, and if not known, "some reasonably definite description" of such accused must be given.  In this case this was not done. Code Crim. Proc., art. 236; Bell v. The State, 25 Texas, 574; Pancho v. The State, 25 Texas Crim. App., 402.

It is strange that witnesses can be found who are cognizant of the crime, and yet unable to give "some reasonably definite" description of the perpetrator of that crime.

Be this as it may, it must be done, because the statute requires it to be done.

Judgment is reversed, and the prosecution dismissed.

*Reversed and dismissed.*

Judges all present and concurring.