S. H. WILCOX v. THE STATE.

*No. 1004. Decided March 27th, 1896.*

**1. Indictment—Name of Unknown Party—Statute Construed.**

Art. 444, New Code Crim. Proc., which provides that "where the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the person accused of the offense a reasonably accurate description of him shall be given in the indictment," applies to such cases only where the whole name is unknown; and where the surname of the person accused is set out with the further statement that the given or Christian name is unknown, it is not required nor necessary to give a description of the accused.

**2. Same—Christian Name—Practice.**

Where an indictment states that the given or Christian name of the accused is unknown, it is permissible for him on the trial to suggest his proper Christian name, and where, without suggestion of his proper Christian name, the same appears to have been made known on the trial, this would not necessitate the institution of an inquiry as to whether his Christian name was, in fact, unknown, or might not have been ascertained upon the exercise of reasonable diligence by the grand jury at the time of the finding of the indictment.

APPEAL from the District Court of Johnson. Tried below before Hon. J. M. HALL.

This appeal is from a conviction for burglary, the punishment being assessed at nine years' imprisonment in the penitentiary.

The indictment, which alleged that defendant's given name was unknown, charged appellant with burglarizing the storehouse of R. N. Warren, in Burleson, Johnson County, on the night of the 25th of November, 1893. It was proved that defendant was seen at the depot at Burleson on that day, in company with one Bishop. Amongst other property taken from the store, was a pair of shoes and a pair of suspenders. Defendant and Bishop were arrested shortly afterwards in Dallas, for this burglary, and when arrested, defendant was wearing the shoes and suspenders taken from the burglarized house on the night of the burglary. Defendant claimed to have bought these articles from Bishop, but at one time stated he had bought them in Waxahachie; and at another, that he bought them in Dallas.

A motion was made to arrest the judgment upon the following grounds: "1. That the indictment shows that the person therein charged and accused was unknown to the grand jury finding said bill, and that no reasonably accurate description was therein given by said grand jury, of the person accused, or of this defendant, or any other person therein charged, as is required by law. (2) That the indictment shows that the person therein accused was then and there unknown to the grand jury otherwise than as 'Wilcox, whose given name is unknown to the grand jury,' and that no 'reasonably accurate description of the person accused,' therein, or of this defendant was therein given as required by law."

*J. P. Lockwood*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE—Appellant was convicted of a burglary, and his punishment assessed at nine years in the penitentiary, and from the judgment of the lower court he prosecutes this appeal. The only question necessary to be considered by us is that raised by motion in arrest of judgment. The indictment charges "that Wilcox, whose given name is to the grand jury unknown," committed the offense, etc. Appellant insists: First, that this is not a sufficient allegation of the name of the accused, under our statutes and decisions; and, second, that under such allegation it was incumbent on the State to prove that the Christian or given name of the accused was unknown to the grand jury presenting the bill, and this was not done. Several cases are cited by appellant in support of his contention. It was held in Vandeveer's case, 21 Texas, 335; "that an indictment which alleged the name of the accused to be Vandeveer, whose Christian name was to the grand jury unknown, without giving any description of him, and without assigning to him a fictitious Christian name, was not a good indictment;" while in the Harris case, 2 Tex. Crim. App., 102, it was held that it was sufficient to allege the surname of the accused, and that his Christian name was unknown to the grand jury. In the case of Victor v. State, 15 Tex. Crim. App., 90, it is, however, stated, that since the decision of the Harris case a material change on this subject has been brought about by statute; citing Article 395 of the old Code of Crim. Proc., and comparing it with Article 425 of the present Code. In the last mentioned case it is held that the indictment charging "one Victor, a Mexican, whose other name is to the grand jurors unknown," is not a good indictment as to the name of the accused. The case of Brewer v. State, 18 Tex. Crim. App., 456, is also cited, but that case is not so much in point as the others, inasmuch as the question there raised was as to the name of the alleged injured party. Article 444 of the new Crim. Code (Article 425, old Code) provides as follows: "In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient, to state one or more of the initials of the Christian name, and the surname. When a person is known by two or

more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated; and if it be the person accused of the offense, a reasonably accurate description of him shall be given in the indictment." Articles 548 to 551, inclusive, of the new Code of Crim. Proc., with reference to the name of the accused, provides, substantially, that when a defendant is arraigned, if he is not indicted by his true name, he may suggest it, and the indictment will be corrected by inserting his true name. If he alleges that he is not indicted by his true name, but refuses to state what his real name is, the cause shall proceed as if the correct name was stated in the indictment. Where a defendant is described as a person whose name is unknown, he may have the indictment so corrected as to give therein his true name. Article 556 provides "that the same rule is applicable, with reference to the name, in all cases as is provided in the above articles." We apprehend that the principal purpose in requiring the name of the accused to be stated, as required by Article 444, is that process might be directed against the proper person, inasmuch as the last quoted article authorizes, on suggestion, a change or insertion of another name than that contained in the indictment. It will be observed that Article 444 says, with reference to the given name, that one or more of the initials thereof can be used, but the surname must be given in full. It further states that when the name of the person is unknown to the grand jury that fact shall be stated, and that then a reasonably accurate description of him shall be given in the indictment. This would seem to apply strictly to cases where the entire name is unknown. But can it be held that if the surname—that is, the principal name of the accused person—is stated, and no initials are stated, a reasonably accurate description of an accused person in such cases shall be given in the indictment, and that it will not be sufficient merely to state as to such given name or initials that the same are unknown to the grand jury. There are some persons who have but the one name, or who are known by but the one name. Suppose, in such a case, that the indictment should use but the surname, could it be held that, for the failure to give the Christian name or initials of a party who had none, that the indictment would be defective? We think not, and, if such is the case, we think it follows that it is permissible for the indictment to state that if a person has any other than the name given in the indictment, that such other name is unknown; and, if the surname of the accused is given in the indictment, it is not necessary to follow this up with a description of him. Whatever may have heretofore been said in antagonism to this view is overruled. Holding, as we do, that it was permissible for the grand jury to give the surname of the accused, and to state that his Christian or given name was unknown, it was permissible, on the trial of the case, for him to suggest his proper Christian name. While this was not formally done in the present case, yet it appears from a statement of the facts that his full Christian name was by some means made known to the court. This full Christian name

as stated was agreed to be the Christian name of appellant by him. This action on the part of the appellant, it appears to us, did not create any necessity on the part of the court to prosecute an inquiry that his given name at the time of the presentation of the indictment by the grand jury was unknown. The views here expressed seem to harmonize with the result reached in the case of Negro Ben v. State, 9 Tex. Crim. App., 107, though the court in that case, in order to reach that conclusion, appear to have treated the term "Negro" as the given name of the party. We would not be understood as laying down the rule, if a preliminary motion had been made to squash the indictment in this case, that the court should not have quashed it, or, if there had not been action tantamount to a suggestion of the given name of the appellant, that the court should not have entertained the motion in arrest. Having carefully examined the facts in this case as they appear in the record, the evidence sustains the verdict, and the judgment is affirmed.

*Affirmed.*