**Charles Edward BOLES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45336, 45337 and 45338.**

Court of Criminal Appeals of Texas.

Nov. 15, 1972.

Rehearing Denied Jan. 10, 1973.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions in all three cases, which were tried together by agreement, are for the sale of heroin; the punishment in each case, sixty years imprisonment, to be served concurrently.

■ The sufficiency of the evidence is disputed.

An undercover agent testified concerning the sale of heroin made to him on three separate occasions by the appellant. The chain of custody of the material sold was established in each instance and expert testimony was offered which verified the substance sold by the appellant was heroin.

The appellant argues that the agent's testimony was vague and uncertain and that it was shown that the agent needed to refresh his memory before testifying. The jury, in all cases, is the exclusive judge of the facts to be proved and the weight to be given the testimony. Article 38.04, Vernon's Ann.C.C.P. The jury here heard the testimony and the exhaustive cross-examination conducted by defense counsel. The evidence is amply sufficient to support the verdict in each case.

■ The appellant argues that the indictments in these cases are "insufficient to sustain appellant's conviction because same fails to comply with Article 21.02, Section 4, V.A.C.C.P."

Article 21.02, Section 4, V.A.C.C.P., provides:

"An indictment shall be deemed sufficient if it has the following requisites:

". . .

"4. It must contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him."

The indictment in each of these cases alleged "that one 'Bo'" committed the offense.

We think it is necessary to also consider Articles 21.07, 26.07, 26.08 and 26.09, V.A.C.C.P.

Article 21.07, V.A.C.C.P., provides:

"In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment."

Article 26.07, V.A.C.C.P., provides:

"When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and unless he suggest by himself or counsel that he is not indicted by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense."

Article 26.08, V.A.C.C.P., provides:

"If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself or his counsel for him, the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."

Article 26.09, V.A.C.C.P., provides:

"If the defendant alleges that he is not indicted by his true name, and refuses to say what his real name is, the cause shall proceed as if the name stated in the indictment were true; and the defendant shall not be allowed to contradict the same by way of defense."

Prior to trial, the trial court entered the following order: "The defendant having suggested to the court that his true name is Charles Edward Boles, the court orders that the indictment and all other papers in the case wherein the defendant's name appears as 'Bo' be changed to Charles Edward Boles." At the time announcements of ready for trial were made, the court addressed the appellant personally and said, "Now, you have been indicted in these cases under the name of Charles Edward Boles, is that correct?" The appellant answered, "Yes, sir." The court asked him, "Is that your correct name?" The appellant answered, "Yes, sir."

The evidence in these cases shows the appellant was known by the name of "Bo." During one of the transactions between the appellant and the undercover agent, a woman was present who called the appellant and he responded to the name of "Bo."

The appellant made no objection at the time of trial, but waited until the appeals of these cases to raise the objection he now makes.

In construing the above quoted statutes, in light of the facts of these cases, it appears that the appellant was known by more than one name and was indicted under one of the known names. Further, he suggested to the court his correct name as provided by the statute and was tried under that name. No objection having been made until the appeals of these cases, we find no reversible error.[1]

---

1. It would be well to follow more closely the provisions of Articles 21.02, Section 4 and 21.07, V.A.C.C.P., in alleging the name of an accused than was done in this indictment.

The remaining ground of error that the punishment assessed by the trial court was excessive is without merit. The punishment was within the range provided by law. "If the punishment is within that prescribed by the statute, it is beyond the province of this Court to pass upon the question of excessive punishment." Darden v. State, 430 S.W.2d 494 (Tex.Cr. App.1968) and Sills v. State, 472 S.W.2d 119 (Tex.Cr.App.1971). During the punishment stage of the trial, there was introduced. into evidence proof of two prior convictions for burglary and the appellant admitted without other proof being made that he had been convicted of misdemeanor theft. Quite likely the trial judge considered these prior convictions before assessing punishment.

The judgments are affirmed.

Opinion approved by the Court.