**Norman Norris JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46990.**

Court of Criminal Appeals of Texas.

Jan. 30, 1974.

Melvyn Carson Bruder and Barry P. Helft, Dallas (Court appointed on appeal), for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty. and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

The appellant was convicted of the offense of the unlawful sale of a narcotic drug, heroin, and was sentenced to thirty-five years' imprisonment.

His sole ground of error on this appeal is that the trial court should have granted his motion to quash the indictment because it was insufficient under Articles 21.02(4) and 21.07 of the Code of Criminal Procedure.[1]

---

1. Art. 21.02, Vernon's Ann.C.C.P., reads as follows:

"An indictment shall be deemed sufficient if it has the following requisites:

\* \* \* \* \*

4. It must contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him."
Art. 21.07, V.A.C.C.P., states:

"In alleging the name of the defendant . . . it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment."

The indictment against the appellant charged:

"... that one Heavy ... on or about the 14th day of March ... did ... unlawfully sell a narcotic drug, to wit, heroin ... "

For a long period in this State's history, such indictments received short shrift, and were often held to be fatally defective by this Court. For example, see State v. Vandeveer, 21 Tex. 335 (1858) ("One _____ Vandeveer"); Victor, a Mexican v. State, 15 Tex.App. 90 (1883) ("One Victor, a Mexican, whose other name is to the grand jury unknown"); Pancho v. State, 25 Tex.App. 402, 8 S.W. 476 (1888) ("One Pancho"); Persqual v. State, 8 S.W. 477 (Tex.Cr.App.1888) ("One Persqual"); and Beaumont v. State, 34 Tex.Cr.R. 68, 29 S.W. 157 (1895) ("Mrs. Beaumont").

However, in 1896, in the case of Wilcox v. State, 35 Tex.Cr.R. 631, 34 S.W. 958 (1896), the court overruled the above cases and determined that "Wilcox, whose given name is to the grand jury unknown" was a sufficient identification of the accused. In arriving at this result the court examined and discussed several articles of the then Code of Criminal Procedure which have counterparts in our present Code.[2] These articles provided a means for changing the name of an accused in an indictment if the accused should suggest that he was not indicted by his true name. The court stated, at p. 958 of 34 S.W.:

"We apprehend that the principal purpose in requiring the name of the accused to be stated ... is that process might be directed against the proper person, inasmuch as the last-quoted article authorizes, on suggestion, a change or insertion of another name than that contained in the indictment."

In Cresencio v. State, 73 Tex.Cr.R. 436, 165 S.W. 936 (1914), the indictment charged one "Cresencio, a Mexican, living at Kyle, a better description and name being to the grand jurors unknown." At trial he moved to quash the indictment alleging that it did not contain his surname; it did not contain any description of him; that his true name was Cresencio de la Cerda; that he was not known by the name alleged in the indictment; that he had never been known by any name other than his true name; and that, by the exercise of reasonable diligence, the grand jury could have learned his true name.

The court first stated that this motion should have been treated by the trial court as a suggestion of his true name. Proceeding, the opinion examined the Code of Criminal Procedure articles earlier mentioned, and stated at p. 938 of 165 S.W.:

"Taking all of these articles together we think it is clear and certain: First, that the purpose and object in giving the name of an accused in the indictment is for identification; the name alone is sufficient for that, without any description whatever; second, that a wrong name or not the full name is a matter of form only, which an accused can readily and at his own suggestion completely have corrected at the time ... and ... as said by article 476, an indictment shall not be held insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant."[3]

The court then held that the indictment was sufficient.

More recently, in Boles v. State, 488 S. W.2d 113 (Tex.Crim.App.1972, reh. den. 1973), this Court dealt with an indictment very similar to the one in question here. In that case, the indictment charged only "that one 'Bo'" committed the offense. The Court considered the requirements of Arts. 21.02(4) and 21.07 in light of the provisions of Arts. 26.07, 26.08, and 26.09,

---

2. See Arts. 26.07, through 26.11, V.A.C.C.P.

3. Art. 476 is now Art. 21.19 V.A.C.C.P.

and found no reversible error under the facts presented. Although the appellant in that case had not objected to the indictment at the time of trial, he had suggested his true name to the court, and the evidence indicated that he was known as "Bo" ——— the name under which he was indicted.

In the instant case, there was testimony from two witnesses that appellant was known as "Heavy." Additionally, at some point in time, appellant's true name was made known to the court, since he was addressed by his true name both before and during the proceedings.

In Wilcox v. State, supra, at p. 959 of 34 S.W., the Court said:

". . . it was permissable, on the trial of the case, for him to suggest his proper Christian name. While this was not formally done in the present case, yet it appears from a statement of the facts that his full Christian name was by some means made known to the court. This full Christian name as stated was agreed to be the Christian name of appellant by him. This action on the part of the appellant, it appears to us, did not create any necessity on the part of the court to prosecute an inquiry that his given name at the time of the presentation of the indictment by the grand jury was unknown."

In addition to the fact that testimony showed that appellant was known as "Heavy" (compare Boles v. State, supra), and that his true name was made known to the court, immediately before he was arraigned, his counsel told the court:

" . . . he has made no agreement or has not asked that the indictment be changed or his name be entered on it

4. See also Art. 26.07, V.A.C.C.P.

5. Perhaps the court should have treated the motion to quash as a suggestion to the court

and if he is to be tried under this, he requests to be tried under the name that the indictment was returned under."

This indicates that although the appellant had ample opportunity to suggest to the court his true name, so that the indictment might be corrected by its insertion (see Art. 26.08, V.A.C.C.P.), he chose not to do so.

Article 26.09, V.A.C.C.P., states:

"If the defendant alleges that he is not indicted by his true name, and refuses to say what his real name is, the cause shall proceed as if the name stated in the indictment were true; and the defendant shall not be allowed to contradict the same by way of defense."[4]

As noted in Cresencio v. State, supra, and Wilcox v. State, supra, the purpose of naming the accused is for his identification. It is a matter of form which can easily be altered at the election of the accused.[5] Since this is so, should the accused suffer this defect of form to remain in the indictment, he must suffer the consequences of his election, unless the defect is such as to prejudice his substantial rights. See Art. 21.19, V.A.C.C.P., and Cresencio v. State, supra.

Since there was ample evidence that the appellant was known by the nickname "Heavy" and ample evidence that he was the person who committed the offense, we do not feel that there was prejudice to his substantial rights requiring reversal. However, the courts are strongly admonished to follow more closely the requirements of Art. 21.02(4) and Art. 21.07. See Boles v. State, supra, at footnote # 1.

The judgment is affirmed.

of appellant's true name. See Cresencio v. State, supra.