Gloria Jean LINCOLN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48126.

Court of Criminal Appeals of Texas.

May 1, 1974.

John Ellis, Dallas, for appellant.

Henry Wade, Dist. Atty., William L. Hubbard, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for sale of heroin. After the jury returned a verdict of guilty, punishment was assessed by the court at twenty-five years.

■ At the outset appellant contends that the indictment upon which she was tried was fatally defective.

The name of the accused in the indictment returned by the grand jury was listed as "Jean." Prior to trial appellant filed a written exception to the "form of the indictment" because it did not state a complete name, did not state that the name of the party indicted was unknown, and failed to give a reasonably accurate description of such party.[1]

Prior to announcement of ready by appellant, and out of the presence of the jury, counsel for appellant stated, "The Defendant, Gloria Jean Lincoln, is present in Court, Your Honor," and "she doesn't know if she is the 'Jean' to which they are referring in the indictment, which is what our exception is directed to."

The State requested that all papers in the case be corrected to reflect appellant's true name as "Gloria Jean Lincoln," and a written order was entered by the court directing that the indictment and all other papers in the case "wherein the Defendant's name appears as 'Jean' be changed to 'Gloria Jean Lincoln.'" As corrected, the indictment was read in the presence of the jury and appellant entered her plea thereto. Appellant objected to the indictment as read as being different from the indictment read to her at arraignment.

Article 26.08, V.A.C.C.P., provides:

"If the defendant, or his counsel for him, suggests that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself or his counsel for him, the style of the case changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment."

Appellant points to the fact that the State had a one-sheet transcription of the grand jury testimony marked for identification (not introduced into evidence) during the trial. Said sheet which reflects appellant's name and recites, "A sale of heroin to P. Tate, Jr.," was introduced by appellant at the hearing on motion for new trial and shows appellant's full name listed thereon.

In the recent case of Jones v. State, Tex.Cr.App., 504 S.W.2d 442, this court said:

"As noted in Cresencio v. State [73 Tex.Cr.R. 436, 165 S.W. 936], and Wilcox v. State [35 Tex.Cr.R. 631, 34 S.W. 958], the purpose of naming the accused is for his identification. *It is a matter of form* which can easily be altered at the election of the accused." (Emphasis supplied.)

Article 28.09, V.A.C.C.P., provides:

"If the exception to an indictment or information is only on account of form, it shall be amended, if defective, and the cause proceed upon such amended charge."

Article 28.10, V.A.C.C.P., provides:

"Any matter of form in an indictment or information may be amended at any time before an announcement of ready for trial upon the merits by *both parties,*

---

1. Article 21.02, Section 4, Vernon's Ann. C.C.P., provides:
   "An indictment shall be deemed sufficient if it has the following requisites:
   "4. It must contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him."
   Article 21.07, V.A.C.C.P., provides:
   "In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and if it be the accused, a reasonably accurate description of him shall be given in the indictment."

but not afterward. No matter of substance can be amended." (Emphasis supplied.)

Amendment of the indictment in the instant case to reflect appellant's full name came prior to appellant's announcement of ready on the merits. The case was tried on the indictment as amended.

Undercover agent Tate identified appellant as the person he bought heroin from on the occasion in question and stated that he only knew her by the name "Jean." See Boles v. State, Tex.Cr.App., 488 S.W. 2d 113.

Under the foregoing circumstances we do not find prejudice to appellant's substantial rights requiring reversal.[2]

■ Appellant contends that the court erred in permitting Officer Weir to testify in that his name did not appear on the list of State's witnesses furnished appellant in response to her motion seeking such information.

Pursuant to a motion filed by appellant, the State furnished appellant a list of witnesses it might call in its case in chief. Weir's name did not appear thereon and when he was called to testify appellant objected to the court allowing such witness to testify.

The witness did not testify to any fact of the crime charged. Appellant urges that Weir, the officer who arrested appellant, testified to a relationship between appellant and a third party described by undercover agent Tate as playing a role in the sale for which appellant was tried. The State argues that the testimony of the witness was offered to clear up a matter opened up by appellant's questions regarding the arrest of appellant and points to the fact that the arrest occurred on De-

cember 16, 1972, while the sale which constitutes the basis of the offense was on October 7, 1972. The State further urges that it did not know the name of the arresting officer until after the trial started and did not anticipate that he would be called as a witness. The State's good faith is supported by the record which reflects that the arrest was for an unrelated offense (escape from federal prison). Appellant was later served with indictment in this case on February 2, 1973.

Appellant has not shown bad faith on the part of the prosecutor in failing to disclose the name of a witness whose testimony related solely to events surrounding an arrest unrelated to the sale transaction in question. We conclude that the record does not show the trial court abused its discretion in allowing the witness Weir to testify. See Clay, Martin and Knox v. State, Tex.Cr.App., 505 S.W.2d 882 (1974); Morales v. State, Tex.Cr.App., 466 S.W.2d 293.

Appellant contends that the court erred in overruling his objection to the prosecutor's argument misquoting the law relative to an indictment containing the right name of the accused.

Appellant argued to the jury that an indictment was returned against a person named "Jean," and that the evidence "strongly suggests that the Police Department found Gloria Jean Lincoln in the jail after they had returned an alias indictment and the record speaks for itself and insofar as her relationship with the police might be and that they are trying Gloria Jean Lincoln for this."

The following complained of argument occurred during the closing argument of the State:

"And I tell you now that there is no law anywhere in any law book in the

2. We urge the courts to follow the admonishment in footnote number 1 in Boles v. State, supra:
"It would be well to follow more closely the provisions of Articles 21.02, Section 4 and 21.07, V.A.C.C.P., in alleging the name of the accused . . . ." See Jones v. State, supra.

State of Texas and never has been that says that the State must have the right name in the indictment for the Defendant."

Appellant's objection to this argument was overruled.

 An argument which contains a statement of the law contrary to the court's charge is error. Davis v. State, Tex.Cr.App., 505 S.W.2d 882 (1974); Singleton v. State, Tex.Cr.App., 479 S.W.2d 672; Daywood v. State, 157 Tex.Cr.R. 266, 248 S.W.2d 479. While the statement of the law made by the prosecutor is not accurate,[3] such argument is not contrary to the law contained in the court's charge and we do not perceive such argument to be of such a harmful nature as to require reversal.

In her last contention appellant urges that the court erred in refusing to permit her to proceed to trial before the court, without a jury.

In support of this contention appellant states "that the refusal to permit a defendant to be tried by the court, without a jury, violates her rights under the Fourteenth Amendment to the Constitution of the United States." No further argument is advanced other than a review of the question which was presented under appellant's first contention and there disposed of in this opinion.

Article 1.13, V.A.C.C.P., provides that a defendant in a felony case less than capital "shall have the right, upon entering a plea, to waive the right to trial by jury, conditioned, however, that such waiver must be made in person by the defendant in open court with the consent and approval of the court, and the attorney representing the State."

The appellant's written waiver of trial by jury in the instant case reflects the State's notation thereon refusing to approve such waiver.

The argument here advanced that due process insures the right to trial before the court without a jury is simply untenable.

Contentions raised by appellant in a pro se brief have been reviewed and found to be without merit.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

---

3. See Articles 21.02(4) and 21.07, V.A.C.C.P.