**Magdaleno V. RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62274.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1981.

Rehearing Denied Jan. 20, 1982.

Thomas Rocha, Jr., San Antonio, for appellant.

Bill M. White, Dist. Atty., Charles T. Conaway, Teofilo Chapa and Douglas V. McNeel, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

CLINTON, Judge.

On original submission, a majority of this Court affirmed appellant's conviction for capital murder wherein the punishment was assessed at death. *Rodriguez v. State*, 597 S.W.2d 917 (Tex.Cr.App.1980).[1] Thereafter, appellant successfully petitioned the Supreme Court of the United States for a writ of certiorari to this Court, and on June 29, 1981, the judgment of conviction was vacated and the case remanded to this Court for further consideration in light of *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), and *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980). *Rodriguez v. Texas*, —— U.S. ——, 101 S.Ct. 3137, 69 L.Ed.2d 991 (1981).

Our record now reflects that on October 16, 1981 a proclamation was signed by William P. Clements, Jr., Governor of the State of Texas, purporting to "grant" appellant a commutation of "sentence" from death to life imprisonment. This Court, however, was not informed of this action by the Governor, and on October 21, 1981, the cause was submitted to this Court, ostensibly on remand from the Supreme Court of the United States with instructions for further consideration of matters affecting the constitutionality of determination of appellant's punishment by the jury.

Having discovered the Governor's action,[2] however, we are now compelled to apply the disposition directed by a majority of the Court in *Adams v. State*, 624 S.W.2d 568

---

1. The writer, however, was and is convinced that the prosecution's failure to comply with an order of the trial court that "all arrest records, police records, juvenile records, and records of convictions, if any, of the Defendant" be furnished the accused, constituted a denial of due process of law when those very matters served to form the basis of "expert" opinion testimony

that the 17 year old appellant "absolutely will kill again," admitted in the punishment phase of trial. See *Id.* (Opinion Dissenting).

2. Inquiry initiated by the administrative staff of this Court led to the fortuitous relevation of the Governor's action. The Clerk of this Court

(Tex.Cr.App.1981), and "affirm the judgment of the trial court."[3] *Id.* at 569.

It is so ordered.

received and file marked a copy of the "Proclamation" on November 5, 1981.

3. Presiding Judge Onion, the writer, and Judge Teague remain convinced that commutation is not a tool for resentencing prisoners whose sentences have been vacated, but rather, an act appropriate for reducing existing sentences; thus, the fiat of the Executive Department directing Rodriguez's life imprisonment entered during the pendency of regular proceedings of the Judicial Department constitutes a direct invasion of the latter by the former in violation of the Texas Constitution. See *Adams v. State,* supra, (Opinion Dissenting).

Moreover, a review of the record, made before we became aware of the Governor's act, revealed that neither *Smith* nor *Adams,* both supra, would compel a result different from the affirmance on original submission. Thus, in the instant case, but for intervention by the Governor appellant would now be condemned to death. In a real sense, then, the proclamation of commutation, however inadvertent, is truly a grant of clemency to Rodriguez.