**Rujelio GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–84–244–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 13, 1985.

Juan Martinez Gonzales, New Braunfels, for appellant.

C.F. Moore, Dist. Atty., for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a murder conviction. Appellant admitted to shooting the deceased; however he asserted that the shooting was justified because it was done in the defense of a third party. Appellant was found guilty by a jury and punishment was assessed by the trial court at twenty-five years confinement. We affirm.

■ In his first, fourteenth, eighteenth, twenty-seventh and twenty-eighth grounds of error, appellant asserts fundamental error. Recently, in *Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1984), opinion on State's motion for rehearing, the Court of Criminal Appeals held:

[W]e have concluded that Article 36.19 actually separately contains the standards for both fundamental error and ordinary reversible error. If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be some harm to the accused from the error. In other words, *an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.*

On the other hands, *if no proper objection was made* at trial and the accused must claim that the error was 'fundamental,' *he will obtain a reversal only if the error is so egregious and created such harm that he 'has not had a fair and impartial trial'*—in short 'egregious harm.'

In both situations the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. [Emphasis added.]

Appellant asserts in his first, eighteenth and twenty-seventh grounds of error that there was fundamental error in both the indictment and the charge, in that they failed to state the name of the defendant. Both the indictment and the court's charge name "Rojelio Garza" as the defendant. Appellant, for the first time, asserted in his "Motion in Arrest of Judgment" that his proper name was "Rujelio Garza."

This type of error in an indictment is not fundamental. *See Jones v. State*, 504 S.W.2d 442 (Tex.Crim.App.1974). TEX. CRIM.PROC.CODE ANN. ART. 21.19 (Vernon 1966) provides:

An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant.

At the outset we note that "Rojelio" and "Rujelio" could be properly classified as idem sonans. *See Nitcholas v. State*, 524 S.W.2d 689 (Tex.Crim.App.1975); *Raseley v. State*, 470 S.W.2d 899 (Tex.Crim.App.

1971). In addition, as set out in *Jones,* the purpose of naming the accused is for his identification. Failure to object to a defect of form, in an indictment, such as is presented here, will waive all but a "prejudice [to] his substantial rights." 504 S.W.2d at 444. No such prejudice is present.

■ The same logic applies to a review of the court's charge. Appellant not only appeared and entered a plea in this cause, but admitted before the jury to the shooting of the deceased. Appellant has failed to demonstrate any possible harm, much less fundamental error, in the misnomer contained in the indictment and the charge. Appellant's first, eighteenth and twenty-seventh grounds of error are overruled.

Appellant's nineteenth and twenty-sixth grounds of error also assert reversible error based upon this misnomer. They are also overruled.

■ Appellant contends in his fourteenth ground of error that the trial court committed fundamental error in failing to instruct the jury on voluntary manslaughter. No instruction on voluntary manslaughter was requested. Absent such a request appellant is only entitled to a reversal if the failure to so instruct denied appellant a fair and impartial trial. *Boles v. State,* 598 S.W.2d 274 (Tex.Crim.App.1980); *see Almanza.* We find no such showing in the case at bar. Appellant's fourteenth ground of error is overruled.

Appellant has also contended in his sixth ground of error that the failure of his trial counsel to request an instruction on voluntary manslaughter constituted ineffective assistance of counsel. Appellant relies heavily on his own testimony to establish sudden passion arising out of adequate cause; in particular, his statement "I was in fear that [the deceased] would finish [the victim] off the way he was all messed up. He may have very well jumped on me, my wife, and my baby."

■ Adequate cause is that which would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper, sufficient to render the mind incapable of cool reflection. TEX.PENAL CODE ANN. § 19.04(c) (Vernon 1974); *See Cerda v. State,* 557 S.W.2d 954 (Tex.Crim.App.1977); *Hanks v. State,* 542 S.W.2d 413 (Tex.Crim.App.1976). No such factors are established by the record now before us. *See Bradley v. State,* 688 S.W.2d 847 (Tex.Crim.App.1985); *Daniels v. State,* 645 S.W.2d 459 (Tex.Crim.App. 1983).

■ Appellant has also asserted fundamental error in the trial court's failure to instruct the jury on the defense of diminished capacity. No such instruction was requested. While we do not recognize appellant's right to such a charge, there can be no question but that he was not denied a fair and impartial trial due to the lack of this instruction. Appellant's twenty-eighth ground of error is overruled.

■ This is a case of murder in which appellant admitted to shooting the deceased. Appellant presented a "defense of a third party" defense to the jury, and the jury chose not to accept it. On review of the record we find nothing to establish "egregious harm" arising out of appellant's trial. Furthermore, having reviewed the entire record, we find the evidence sufficient to support appellant's conviction. Appellant's twenty-fifth ground of error, attacking the sufficiency of the evidence to support the conviction, is also overruled.

■ Appellant contends in his twelfth and twenty-first grounds of error that the trial court committed reversible error by permitting officer Rick Smith, one of the State's witnesses, to commit perjury. Appellant is attacking alleged inconsistencies and discrepencies between Smith's testimony and that of other witnesses, as well as testimony elicited at the hearing on the motion for new trial. We have reviewed the entire record and find that, by no stretch of the imagination, could the challenged statements be regarded as tantamount to perjury. The jury was instructed that they were the exclusive judge of the facts proven and the credibility of the wit-

nesses. They could accept or reject any part of any witness' testimony. *See Hernandez v. State*, 538 S.W.2d 127 (Tex.Crim. App.1976); *Andrade v. State*, 662 S.W.2d 446 (Tex.App.—Corpus Christi 1983, pet. ref'd). Appellant's twelfth and twenty-first grounds of error are overruled.

Appellant maintains in his seventeenth ground of error that he established jury misconduct and therefore the trial court erred in overruling his motion for new trial. Conflicting evidence was presented at the hearing on the motion for new trial as to whether or not the jury considered appellant's guilt or innocence with regard to the offense of aggravated assault. It is an alleged failure to consider this offense which appellant maintains constituted misconduct. Issues of fact regarding jury misconduct are for the determination of the trial judge, and, where there is conflicting evidence, there is no abuse of discretion where the motion for new trial is overruled. *McCartney v. State*, 542 S.W.2d 156 (Tex.Crim.App.1976). Appellant's seventeenth ground of error is overruled.

Appellant asserts in his twentieth ground of error that the trial court erred in overruling his supplementary motion in arrest of judgment because there was a systematic exclusion of Mexican-Americans as grand jury commissioners, and that there was an underrepresentation of Mexican-Americans on the Bee County Grand Jury over the previous ten years. First, we find that appellant has waived this ground of error by not timely seeking to challenge the make-up of the grand jury. *See Rodriguez v. State*, 597 S.W.2d 917 (Tex.Crim. App.1980), judgment vacated on other grounds, 453 U.S. 906, 101 S.Ct. 3137, 69 L.Ed.2d 991 (1981), on remand, 626 S.W.2d 35; *Francis v. State*, 636 S.W.2d 591 (Tex. App.—San Antonio 1982, no pet.). *See also Acosta v. State*, 640 S.W.2d 381 (Tex.App. —San Antonio 1982) judgment set aside on other grounds, *Ex parte Acosta*, 672 S.W.2d 470 (Tex.Crim.App.1984). Furthermore, we have reviewed the evidence presented by appellant and find that he has failed to establish a prima facie case of grand juror underrepresentation. *See Elizando v. State*, 649 S.W.2d 674 (Tex.App.— Corpus Christi 1983, no pet.). Appellant's twentieth ground of error is overruled.

Appellant, in his twenty-third and twenty-fourth grounds of error, attacks the trial court's admission of photographs of the bloody clothing and body of the deceased. The two exhibits show the body of the deceased. They were admitted at trial without objection.

In any homicide a photograph of the body of the deceased is probative. The only issue becomes whether or not its probative value is outweighed by the prejudicial effect. *Reimer v. State*, 657 S.W.2d 894 (Tex.App.—Corpus Christi 1983, no pet.). We find no abuse in the admission of these exhibits. Appellant's twenty-third and twenty-fourth grounds of error are also overruled.

Appellant's second, fourth, fifth, sixth, seventh and eleventh grounds of error all attack the adequacy of his trial counsel. In *Ingham v. State*, 679 S.W.2d 503 (Tex. Crim.App.1984), the Court of Criminal Appeals has recently restated the rules governing review of effectiveness of assistance of counsel:

> The right to effective assistance of counsel merely ensures the right to reasonably effective assistance. The constitutional right to counsel does not mean errorless counsel whose competency or accuracy of representation is to be judged by hindsight. Indeed, judicial scrutiny of counsel's performance must be highly deferential, and every effort made to eliminate the distorting effects of hindsight. An isolated failure to object to certain procedural mistakes or improper evidence does not constitute ineffective assistance of counsel.

*Ingham*, 679 S.W.2d at 509.

We will not attempt to second-guess through hindsight the strategy of trial counsel, nor will the fact that another attorney might have pursued a different course at trial support a finding of ineffec-

tiveness. *Bloit v. State,* 588 S.W.2d 588 (Tex.Crim.App.1979). On review of the totality of the representation, we cannot say that appellant has demonstrated that his counsel's actions amounted to ineffective assistance of counsel. Appellant's grounds of error attacking the effectiveness of his trial counsel are overruled.

Appellant's third, eighth, ninth, tenth, thirteenth, fifteenth, sixteenth and twenty-second grounds of error have been omitted, by appellant, from his appellate brief. Accordingly, they present nothing for review. All of appellant's grounds of error have been considered and are overruled. The judgment of the trial court is AFFIRMED. Opinion ordered published. TEX.R.CRIM. APP. P. 207.