# NO. 12-20-00168-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANASTASIA JASMINE WISE,* *APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anastasia Jasmine Wise appeals her conviction for possession of marijuana.  In one issue, she argues that the trial court abused its discretion in rendering a judgment adjudicating guilt that failed to "speak the truth."  We affirm.

## BACKGROUND

Appellant was charged by indictment with knowingly and intentionally possessing a usable quantity of marijuana in an amount of five pounds or less, but more than four ounces, a state jail felony.[1] Appellant pleaded "guilty" to the charged offense.  Appellant and her counsel signed various documents in connection with her guilty plea, including a document entitled "Admonishments, Voluntary Statements, Waivers, Stipulation(s), Judicial Confession and Plea Agreement—Felony" in which Appellant judicially confessed to the offense alleged in the indictment and admitted that she committed each and every element alleged in the complaint and that she was guilty as charged.  At the hearing, Appellant pleaded "guilty" to the charged offense.  The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt,

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.121(a), (b)(3) (West 2017).

and ordered that Appellant be placed on deferred adjudication community supervision for four years.

Later, the State filed a second amended motion to proceed with adjudication of guilt and sentence, alleging that Appellant violated the terms of her community supervision by failing to report and submit a urine sample on three separate dates, pay the cost of urinalysis drug testing, perform community service restitution each week (and falsely reporting community service hours worked), pay reimbursement for appointed counsel, pay a supervision fee each month, pay court costs and the fine, and pay restitution monthly. At a hearing on the State's motion, Appellant pleaded "not true" to all the alleged violations. The trial court found all the allegations to be "true," granted the State's motion, adjudged Appellant guilty of possession of marijuana in an amount of five pounds or less, but more than four ounces, and assessed her punishment at confinement in a state jail facility for twenty months.[2] This appeal followed.

## ERRORS IN JUDGMENT

In her sole issue, Appellant argues that there are two errors in the judgment adjudicating guilt and as such, it does not "speak the truth." She contends the errors include the date of the original community supervision order and the recitation of the State's live pleading on which the judgment was proceeding.

Regarding the first alleged error, the judgment recites the date of the original community supervision order as January 17, 2018. However, the record shows that the date of the original community supervision order is January 12, 2018. The State acknowledges that the correct date is January 12, 2018, and the record shows that the State filed a Motion for Judgment Nunc Pro Tunc on December 28, 2020 to correct that typographical error. The trial court granted the motion. A Nunc Pro Tunc Judgment Adjudicating Guilt was filed on December 28, 2020, correcting the date of the original community supervision order to January 12, 2018.

The purpose of a nunc pro tunc judgment is to provide a method for trial courts to correct the record when there is a discrepancy between the judgment as pronounced in court and the judgment reflected in the record. *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007);

---

[2] An individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail facility for any term of not more than two years or less than one hundred and eighty days, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.35 (West 2019).

*Alvarez v. State*, 605 S.W.2d 615, 617 (Tex. Crim. App. 1980); *see* TEX. R. APP. P. 23.1. The corrections must reflect the judgment that was actually rendered but that for some reason was not properly entered into the record at the time of the judgment. *Jones v. State*, 795 S.W.2d 199, 200 (Tex. Crim. App. 1990). Corrections to the record are limited to clerical errors and are not appropriate for errors involving judicial reasoning. *Ex parte Poe*, 751 S.W.2d 873, 876 (Tex. Crim. App. 1988).

In this case, the Nunc Pro Tunc Judgment Adjudicating Guilt corrected a clerical error in the record, reciting the correct date of Appellant's original community supervision order, thereby rendering Appellant's first complaint moot. Appellate courts are prohibited from deciding moot controversies. *Ex parte Flores*, 130 S.W.3d 100, 104–05 (Tex. App.—El Paso 2003, pet. ref'd). A case becomes moot on appeal when the judgment of the appellate court can no longer have an effect on an existing controversy or cannot affect the rights of the parties. *Jack v. State*, 149 S.W.3d 119, 123 n.10 (Tex. Crim. App. 2004). Because Appellant's complaint regarding the recitation of the original community supervision order in the judgment has been corrected, her first complaint is moot.

Regarding Appellant's second complaint, she is correct that the judgment recites that the live pleading on which the hearing proceeded was the State's Amended Motion to Adjudicate Guilt, rather than the second amended motion. The State acknowledges that the adjudication hearing proceeded on its second amended motion. However, the State contends, the judgment form does not allow for a specification on which amended version of the motion the hearing proceeded. According to the State, the judgment form has only two options for that paragraph: (1) original or (2) amended. The State argues that the text selected was "amended" because the hearing proceeded on an amended version of the State's motion.

The text of "amended" versus "second amended" is, if incorrect, a defect of form, and does not invalidate the judgment. *See Washam v. State*, No. 12-13-00193-CR, 2014 WL 3661941, at *5 (Tex. App.—Tyler July 23, 2014, pet. ref'd) (mem. op., not designated for publication); *Butler v. State*, No. 05-07-01206-CR, 2008 WL 4743269, at *3-4 (Tex. App–Dallas Oct. 30, 2008, no pet.) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. arts. 21.19, 26.08 (West 2009)); *Jones v. State*, 504 S.W.2d 442, 443 (Tex. Crim. App. 1974)). Accordingly, we decline to modify the judgment under the facts of this case.

Having rejected both of Appellant's complaints, we overrule her sole issue on appeal.

<u>**CONCLUSION**</u>

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.


<u>**GREG NEELEY**</u>
Justice


Opinion delivered March 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*


(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 10, 2021**

**NO. 12-20-00168-CR**

**ANASTASIA JASMINE WISE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court

of Anderson County, Texas (Tr.Ct.No. 369CR-17-33322)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*