### CRESENCIO, A MEXICAN, v. THE STATE.

#### No. 2992.   Decided April 8, 1914.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence, although conflicting, was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Indictment—Name of Defendant—Grand Jury.**

Where, upon trial of a violation of the local option law, the indictment alleged that "Cresencio, a Mexican, living at Kyle, a better description and name being to the grand jurors unknown, did, etc.," the same was sufficient on motion to quash on the ground that the indictment did not allege defendant's surname or any description of him, such motion not being sworn to and no evidence appearing of record on the hearing of same; besides, at best, such motion only suggested defendant's full and correct name, and could have been corrected by the court.

**3.—Same—Charge of Court—Arrest of Judgment—Name of Defendant.**

Where, upon trial of a violation of the local option law, the evidence showed with absolute certainty that the defendant who was named in the indictment as Cresencio, a Mexican, and who himself testified that his name was Cresencio de la Cerda, was the identical person who committed the offense and that no substantial rights of defendant were in any way prejudiced, there was no error in overruling a motion for a new trial because the court failed to charge a variance, or in overruling a motion in arrest of judgment that the indictment was insufficient on the ground that the grand jury could have ascertained his full name.

**4.—Same—Statutes Construed—Name of Defendant.**

Under the various articles of the Code of Criminal Procedure and Penal Code, it is clear that the purpose and object in giving the name of an accused in the indictment is for identification, and that a wrong name, or not the full

name, is a matter of form which can be corrected at the suggestion of the accused, and where defendant's identity is established and part of his name is correctly given, together with a description of him, which are not shown to have been untrue, the indictment is sufficient in the absence of any injury to defendant.

Appeal from the County Court of Hays. Tried below before the Hon. J. R. Wilhelm.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*R. E. McKie,* for appellant.—On question of insufficiency of indictment in not containing defendant's full name: Victor v. State, 15 Texas Crim. App., 90; Pancho v. State, 8 S. W. Rep., 476; Myatt v. State, 21 S. W. Rep., 256; State v. Vandeveer, 21 Texas, 335; Popinaw v. State, 52 Texas Crim. Rep., 409, 107 S. W. Rep., 350; Ex parte Campbell, 67 Texas Crim. Rep., 171, 149 S. W. Rep., 193; Clark v. State, 76 S. W. Rep., 573; Sinclair v. State, 30 S. W. Rep., 1070; Kimbrough v. State, 13 S. W. Rep., 218; Sharp v. State, 15 S. W. Rep., 176; Shockley v. State, 42 S. W. Rep., 972; Berliner v. State, 6 Texas Crim. App., 181; Strickland v. State, 19 id., 518; Anderson v. State, 20 id., 595.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—From a conviction for a misdemeanor for violating the prohibition law, with the lowest penalty prescribed by law affixed, appellant appeals.

While the evidence was contradictory it was amply sufficient to sustain the verdict.

The only material question in the case is as to the sufficiency of the indictment, because of appellant's name. The indictment properly charges every essential element to show and does show that the law prohibiting the sale of intoxicating liquor, making it a misdemeanor, was in force at the time this offense is alleged to have been committed. It then alleges that on May 15, 1913, "Cresencio, a Mexican living at Kyle, a better description and name being to the grand jurors unknown, did," etc., unlawfully sell a bottle of whisky, etc.

When the case was called for trial appellant, by his attorney made a motion to quash the indictment, because it did not contain his surname, or any description of him; that his name is Cresencio de la Cerda; that he is not known by the name contained in the indictment and has never been known by any such name or any other than Cresencio de la Cerda, which is his true name; that he has resided in Kyle and Hays County for a number of years and is well known there and by the exercise of a reasonable diligence his true name could have been known by the grand jury returning the indictment. This motion is signed by his attorney alone,—not by him. It is not sworn to by any person, and the record

does not show that any evidence whatever was introduced before the court on the hearing of said motion. It simply and solely shows that when the court heard the motion he overruled it and appellant excepted. Certainly, the motion, not sworn to, and no evidence introduced to support the extrinsic allegations therein, should not be held sufficient to quash the indictment. Whether it did or not, it should have been held to have suggested appellant's correct and full name, and the court should have had the indictment corrected, the proper entries made, and the cause proceed as directed by the statute. The court correctly overruled the motion to quash.

The case then went to trial before a jury. It was admitted that the prohibition law, as alleged, was in force at and before the alleged sale was made. The State introduced one witness who testified, showing fully and completely that appellant committed the offense charged at the time and place alleged, and rested. The defendant then testified denying making the sale, he claiming that he made a gift of the whisky and not a sale, and received no money therefor. He introduced one witness who, to some extent, corroborated him. He alone testified that his name was Cresencio de la Cerda; that he lived at Kyle in Hays County and that he had lived there, more or less, for the past sixteen years; that for a long time he run a barber shop and restaurant on one of the main streets in the town; that he was well known to most all of the people in Kyle and that Mr. Sledge and all the merchants knew him. "Most everybody in that community knows my name." This, in substance, was the testimony on this subject in full.

Appellant then made a motion to peremptorily instruct the jury to find him not guilty, because no evidence had been adduced showing that due diligence was used to procure and insert in the indictment his true name and that the evidence showed his true name as alleged and testified by him, and that there was no sufficient description of him, and that the indictment nowhere alleges any diligence was used by the grand jury to procure his surname or true name. The court overruled this motion to which he excepted.

After his conviction he made a motion in arrest of the judgment, on the same grounds. This was overruled.

In our opinion none of these matters show any reversible error. Our decisions are conflicting on the subject. Decisions may be found and some cited by appellant which would indicate that appellant's motion to quash was good, while others are to the contrary. Perhaps other decisions would indicate that his refused instruction should have been given and that his motion in arrest of judgment should have been sustained, while other decisions are, in effect, to the contrary. Under the circumstances and the conflict in the decisions, we will go to the statutes on the subject and to principles applicable thereto and abide thereby.

Under our Code of Criminal Procedure, when first adopted, one of the requisites of an indictment was (art. 451, subd. 4): "It must contain the name of the accused, or state that his name is unknown, and,

in case his name is unknown, give a reasonably accurate description of him." And (art. 456, C. C. P.) : "In alleging the name of the defendant, or of any other person necessary to be stated in the indictment, it shall be sufficient to state one or more of the initials of the Christian name and the surname. When a person is known by two or more names, it shall be sufficient to state either name. When the name of the person is unknown to the grand jury, that fact shall be stated, and, if it be the person accused of the offense, a reasonably accurate description of him shall be given in the indictment."

The following articles of the Code of Criminal Procedure were also a part of the old Code: "Article 559. When the defendant is arraigned, his name, as stated in the indictment, shall be distinctly called; and, unless he suggest by himself or counsel that he is not indicated by his true name, it shall be taken that his name is truly set forth, and he shall not thereafter be allowed to deny the same by way of defense.

"Article 560. If the defendant, or his counsel for him, suggest that he bears some name different from that stated in the indictment, the same shall be noted upon the minutes of the court, the indictment corrected by inserting therein the name of the defendant as suggested by himself, the style of the cause changed so as to give his true name, and the cause proceed as if the true name had been first recited in the indictment.

"Article 561. If the defendant alleges that he is not indicted by his true name, and refuses to say what his real name is, the cause shall proceed as if the name stated in the indictment were true; and the defendant shall not be allowed to contradict the same by way of defense.

"Article 562. Where a defendant is described as a person whose name is unknown, he may have the indictment so corrected as to give therein his true name."

Also as a part of the old Code was article 453, which is: "Article 453. The certainty required in an indictment is such as will enable the accused to plead the judgment that may be given upon it, in bar of any prosecution for the same offense."

Since all of these articles were originally enacted as a part of the Code, the Act of March 26, 1881, chap. 57, p. 60, was enacted whereby it was provided (art. 460) : "An indictment for any offense against the penal laws of this State shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment." And article 476 is a part of the same Act, which is: "An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant."

Taking all of these articles together we think it is clear and certain,

first: That the purpose and object in giving the name of an accused in the indictment is for identification. The name alone is sufficient for that without any description whatever. Second, that a wrong name, or not the full name is a matter of form only which an accused can readily and at his own suggestion completely have corrected at the time. Third, that when part of the name is correctly given and a description of him such as given in this case, are shown to be true, or rather when it is not shown that they are untrue is a sufficient description of him and establishes his identity; and fourth, as said by article 476, an indictment shall not be held insufficient, nor shall the trial, judgment, or other proceedings thereon be affected by reason of any defect or imperfection of form in such indictment which does not prejudice the substantial rights of the defendant.

In this case it is an absolute certainty that appellant and no other was the identical person who is alleged to have committed the offense charged herein. He so testified and all of the evidence, without the slightest contradiction or uncertainty, shows that he is that person. That the portion of his name, Cresencio, is his name and no other is shown to have had the same name; that he is a Mexican and that he lived at Kyle, is without doubt also shown. And it is without a shadow of doubt shown that his substantial rights have in no way been prejudiced by not giving his full name and, therefore, the indictment should not be held insufficient nor should the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection of form in the indictment. Such being the case and the clear intent of the statute and law, the judgment herein will be affirmed.

*Affirmed.*