CHARLIE HORTON V. THE STATE.

No. 19517.   Delivered March 23, 1938.
Rehearing denied May 18, 1938.

The opinion states the case.

W. A. McIntosh, of Gilmer, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is selling intoxicating liquor in a dry area; the punishment, a fine of $100.00.

Rogers P. Boyd, an inspector of the Texas Liquor Control

Board, testified that on the 17th of April, 1937, he bought a pint of whisky from appellant. The testimony of appellant's witnesses raised the issue of alibi. The proof was sufficient to show that Upshur County was a dry area.

The two bills of exception brought forward are insufficient, in that no evidence is incorporated in said bills to verify the truth of appellant's objections. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Ann. P. C., Sec. 209; Buchanan v. State, 298 S. W. 569.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Attached to the motion for rehearing filed by the appellant are two documents denominated "Corrected Bills of Exception" which he seeks to have this Court consider in lieu of the two bills appearing in the transcript which were held to be insufficient to present the matter of which complaint is made. These bills were not filed in the trial court. Hence, they can not be considered by this Court.

The motion for rehearing is overruled.