**John Edward RUSH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 55688, 55689.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 20, 1978.

Marvin O. Teague, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III and Robert Bennett, Asst. Dist. Attys., Houston, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

These are appeals from convictions for gambling promotion (V.T.C.A., Penal Code Sec. 47.03) and communicating gambling information (V.T.C.A., Penal Code Sec. 47.05). After a trial before the court punishment was assessed at five years in each case and appellant was placed on probation.

In several grounds of error appellant challenges the sufficiency of the evidence, the sufficiency of the indictments, and the lawfulness of the search warrant under which certain incriminating evidence was seized. He also contends his convictions for these two offenses violate the constitutional prohibition against double jeopardy.

As a groundwork for discussion of the indictment, jeopardy, and sufficiency of the evidence issues, we will first set out the statutory provisions upon which these prosecutions were based.

V.T.C.A., Penal Code Sec. 47.03 provides in part:

"(a) A person commits an offense if he intentionally or knowingly does any of the following acts:

".   .   .

"(2) receives, records, or forwards a bet or offer to bet;   .   .   ."

The indictment charging a violation of this provision alleged that appellant:

". . . on or about August 5, 1974, did then and there unlawfully knowingly and intentionally receive and record a bet by Andrew William Pritchett said bet having been made by S. D. Plaster to the said Andrew William Pritchett and said Andrew William Pritchett communicating the bet to John Edward Rush on baseball games. . . ."

V.T.C.A., Penal Code Sec. 47.05 provides in part:

"(a) A person commits an offense if, with the intent to further gambling, he knowingly communicates information as to bets, betting odds, or changes in betting odds or he knowingly provides, installs, or maintains equipment for the transmission or receipt of such information."

The indictment charging a violation of this provision alleged that appellant:

". . . on or about August 5, 1974, did then and there unlawfully knowingly and intentionally communicate information as to bets, betting odds and changes in betting odds on baseball games to Andrew William Pritchett with the intent then and there to further gambling."

■ There was no motion to quash either indictment, and the language used in each effectively tracks the language of the respective statutory provisions. We find no fundamental error and accordingly overrule the grounds of error. Cf. *American Plant Food Corp. v. State*, Tex.Cr.App., 508 S.W.2d 598.

We now turn to a review of the evidence presented. The State presented three witnesses, all officers of the Houston Police Department. The defense presented no evidence.

Officer Plaster testified first. After relating his initial undercover operation at the Seventeen-Eighteen Lounge during which he gained sufficient familiarity with Andrew Pritchett, the bartender, to be able to place bets with him on various sporting events, he told of what happened on Monday, August 5, 1974. On that afternoon he went to Pritchett to place bets. In Plaster's presence and immediate view, at 5:00 p. m., Pritchett called 665–9390 and asked for the line, or betting odds, on baseball games. Pritchett wrote this list down and gave it to Plaster. After examining the list and making his choices, Plaster wrote down his bets on four games and gave the list to Pritchett. At 5:15 p. m. Pritchett again in Plaster's presence called 665–9390 and placed the bets. Plaster kept the line sheet and bet list, and they were introduced at trial as State's Exhibit 1.

From earlier events in the investigation Plaster had learned that 665–9390 was the number being used in the gambling operation, and had also learned that this number served a pay phone at a used car lot run by appellant and located at 5500 Kirby Drive in West University Place, Harris County. On August 2 he had visited the car lot and talked with appellant under the pretense that he wanted to buy a car for his sister. While there he saw the phone with number 665–9390, and by the phone he saw baseball line sheets and bet sheets. He also on that day saw appellant answer the phone two or three times, and on one occasion appellant picked up a sheet of paper and read off figures to the person on the other end.

On August 5, while Plaster was placing bets with Pritchett, officer Steffenhauer, the State's second witness, was observing appellant at the used car lot at 5500 Kirby. From his vantage point he saw appellant answer the telephone at 5:00 p. m. and again at 5:15 p. m.

Three days later, on August 8, officer Jenkins, the State's last witness, executed a search warrant at the used car lot office on 5500 Kirby. When he arrived appellant was seated at the desk in the office. Seized were numerous line sheets, betting slips, and tally sheets, which were introduced as State's Exhibits 4, 5 and 6. Among those papers were a line sheet that listed the teams on the line sheet in State's Exhibit 1, with corresponding odds, and a betting slip with the same bets placed by Plaster through Pritchett, and bearing the name

Andy, the name under which Plaster's bets were placed, and the day Monday, the day on which Plaster's bets were placed.

■ The sufficiency of the evidence must be reviewed in the light most favorable to the determination made by the finder of fact. *Valore v. State*, Tex.Cr.App., 545 S.W.2d 477. Doing so, we see that Plaster saw Pritchett call a known number at 5:00 p. m. on August 5 and receive gambling information, while Steffenhauer at the same time saw appellant answer that phone. Fifteen minutes later Plaster again saw Pritchett call the same number and place his bets, while Steffenhauer saw appellant answer the phone. Three days later, at the execution of the search warrant at appellant's premises, he was found seated at the desk on which were found a line sheet and a betting slip corresponding to those communicated to and from Pritchett on the phone calls of August 5. We conclude the evidence is sufficient to show appellant communicated information as to betting odds with the intent to further gambling during the 5:00 p. m. phone call, and to show he received and recorded a bet on baseball games as alleged, from information received in the 5:15 p. m. phone call. The grounds of error challenging the sufficiency of the evidence are overruled.

■ In his grounds of error invoking the double jeopardy clause appellant argues these two convictions were based on one transaction. The evidence is otherwise. The communication of gambling information, constituting an offense under Sec. 47.-05, supra, was completed with the 5:00 p. m. phone call. The receiving and recording of Prichett's bet, constituting the offense of gambling promotion under Sec. 47.03, supra, was committed in conjunction with the 5:15 p. m. phone call. The two offenses were separate and distinct both in fact and in law. No violation of the jeopardy clause occurred. These grounds of error are overruled.

■ In his remaining ground of error appellant contends the trial court erroneously overruled his motion to suppress evidence seized at the used car lot on August 8 pursuant to a search warrant. He argues that the warrant does not sufficiently identify the place to be searched and the affidavit does not state sufficient probable cause.

The search warrant ordered a search of the office of Johnny Rush's used car lot at "5500 Kirby, in West University, Harris County, Texas," and the seizure of gambling paraphernalia, line sheets, and recorded bets believed to be there. The affidavit recited, inter alia, that on August 2 officer Plaster visited Johnny Rush's office at 5500 Kirby and while there he observed a line sheet for baseball games and a number of recorded baseball bets.

We conclude the observations of Plaster on August 2 were alone sufficient to show probable cause for issuance of the warrant, and need not consider appellant's assertions regarding the sufficiency of other portions of the affidavit.

■ On the matter of the sufficiency of the description of the premises to be searched, appellant relies on testimony that the actual address was 5500 Kirby *Drive* instead of 5500 Kirby, and that the community was West University *Place* instead of West University. It was also shown that there is no municipality in Harris County known only as West University, and that in the southern part of the county there is a Kirby Street.

Appellant relies on *Ervin v. State*, 165 Tex.Cr.R. 391, 307 S.W.2d 955. In that case a search warrant described the premises to be searched as "a private residence located at 611 Ute St. in the city of Lubbock, Lubbock Co., Texas * * * and being the premises occupied by, in charge of and under the control of person or persons whose name or names and whose description or descriptions ae [sic] unknown to the affiants." The Court reversed after finding that the house searched:

"(1) had no number on it; (2) was not in the City of Lubbock, and (3) had it been numbered in accord with the system used in the City of Lubbock it could not have been 611 Ute Street, or any other odd number; that (4) properly numbered, 611 Ute Street was a vacant lot."

The Court also observed, however, "Had the warrant and affidavit alleged that appellant occupied the premises a different rule might well be applied."

In *Guzman v. State*, Tex.Cr.App., 508 S.W.2d 375, on the other hand, a challenge to the sufficiency of the description of premises to be searched was rejected and the conviction was affirmed. The search warrant there described the residence to be searched as, "a one-story white frame building situated in the city of Houston, Harris County, Texas, located at 7307 Avenue 'L'." On arrival the officers found a lot with two houses. One, an unpainted house, was numbered 3707. The other was a white frame house and numbered 3709. The white frame house was searched. The Court stated:

"Under the circumstances, if no further description of the house to be searched had been given, other than its number, a more serious question would have been presented. However, the executing officers were entitled to rely upon the entire description given in the warrant."

We conclude the description in the warrant in the instant case was sufficient. The premises were described as the office of Johnny Rush's used car lot at 5500 Kirby in West University, Harris County, Texas. The premises searched were the office of Johnny Rush's used car lot at 5500 Kirby Drive in West University Place, Harris County, Texas. The officers were entitled to rely on the entire description in the warrant. Although there is a Kirby Street elsewhere in the county, it is not near West University Place, and the record contains no indication that there is an office of Johnny Rush's used car lot at 5500 Kirby *Street*, or that there even is such an address as 5500 Kirby Street. The ground of error is overruled.

The judgments are affirmed.