**Bobby Gene SMITH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–323–CR.**

Court of Appeals of Texas, Fort Worth.

Feb. 24, 1982.

Carl E. Mallory, Arlington, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

The appellant, Bobby Gene Smith, plead guilty to the offense of burglary of a habitation. This appeal goes to the trial court's denial of the appellant's motion to quash the indictment.

We affirm the judgment of the trial court.

The indictment under attack here reads as follows:

"IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

"THE GRAND JURORS OF TARRANT COUNTY, TEXAS, duly elected, tried, empaneled, sworn and charged to inquire of offenses committed in Tarrant County, in the State of Texas, upon their oaths do present in and to the Criminal District Court No. __4__ of said County that * * BOBBY GENE SMITH hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 28th day of NOVEMBER 1980, did THEN AND THERE INTENTIONALLY AND KNOWINGLY, WITHOUT THE EFFECTIVE CONSENT OF ROBERT MAXON, THE OWNER THEREOF, ENTER A HABITATION WITH INTENT TO COMMIT THEFT;"

The appellant urged before the trial court that he could not prepare a defense because he did not know where in the county the alleged burglary occurred.

V.A.C.C.P. art. 21.09 (Supp.1982), which addresses the description of property in an indictment, reads in pertinent part:

"If the property be real estate, its general locality in the county, and the name of the owner, occupant or claimant thereof, shall be a sufficient description of the same." ·

■ In construing this provision (and its indistinguishable predecessors) in reference to offenses such as burglary the Court of Criminal Appeals has generally held that it is only necessary to allege the name of the county as the place where the offense was committed because, (1) the offense may be committed anywhere within the county, (2) the place where it is committed is not an element of the offense, and (3) the court in which the offense is tried (usually) has countywide jurisdiction. The case of *Hodge v. State*, 527 S.W.2d 289 (Tex.Cr.App.1975), a burglary case, contains a very thorough discussion of this topic. *See also: Ex Parte Hunter*, 604 S.W.2d 188 (Tex.Cr.App.1980); *Nevarez v. State*, 503 S.W.2d 767 (Tex.Cr.App.1974); *Howard v. State*, 480 S.W.2d 191 (Tex.Cr.App.1972); *Thomas v. State*, 168 Tex.Cr.R. 544, 330 S.W.2d 201 (1959). All the elements discussed above are present in this case.

The latest pronouncement in regard to the description of real property in an indictment is found in *Lane v. State*, 621 S.W.2d 172 (Tex.Cr.App.1981). In *Lane* the appellant had plead not guilty to the offense of criminal mischief. As is true with burglary, the section under which the appellant was indicted did not require that the criminal mischief be committed at a particular place or location. V.T.C.A. Penal Code sec. 28.-03(a)(1). Asserting that the indictment's description of a damaged house was insufficient, the appellant in *Lane* filed a motion that the indictment be quashed. The indictment in *Lane* was as follows:

"In the name and by the authority of the State of Texas, the Grand Jurors, good and lawful men of the County of Dallas and State of Texas, ... do present ... that one MICHAEL DEAN LANE, ... in the County and State aforesaid, did then and there unlawfully then and there, knowingly and intentionally damage and destroy tangible property, namely: one boat, one house and furnishings, without the effective consent of Edward E. Hamilton, the owner; the said damage and·destruction amounting to a pecuniary loss of over $10,000.00...."

In passing on the sufficiency of this indictment the Court of Criminal Appeals held that in the face of the appellant's motion to quash, the indictment was insufficient in its allegation of the property's general locality in the county. The court did not discuss what specificity is required

**240**

by article 21.09. Moreover, the court did not overrule those cases which had followed the general rule. Although the dissent in *Lane* is more in keeping with precedent, we find it difficult to overlook the majority opinion.

■ The fact remains, however, that the appellant here plead guilty in the trial court. By doing so he admitted all elements of the offense. *Brinson v. State*, 570 S.W.2d 937 (Tex.Cr.App.1978). He has not at any point alleged that he had a defense to the indictment. He has not urged that the indictment is substantively defective. In fact, he disavows any such contention. In addressing a situation which was procedurally similar to our case, the Court of Criminal Appeals, in *Craven v. State*, 613 S.W.2d 488 (Tex.Cr.App.1981), applied V.A. C.C.P. art. 21.19 (1966) which provides that "An indictment shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant". The gist of the *Craven* holding is that those persons pleading guilty do have a right to appeal written motions to quash filed prior to trial under V.A.C.C.P. art. 44.02 (1979); however, they must show that any defects of form prejudiced their substantial rights. (See also our discussion in *Patterson v. State*, 628 S.W.2d 518 [Tex. App.1982]). There was no statement of facts in the *Craven* record and it was for this reason that the court held that it could not determine whether there was prejudice.

■ We have before us a statement of facts transcribed from the hearing on the appellant's motion to set aside the indictment. At the hearing the appellant asserted that the description found in the indictment was insufficient due to the fact that the victim may have owned several residences in Tarrant County. During the hearing the State's attorney tendered discovery of its file. This tendered discovery could have provided the appellant all the information he needed in regard to the location of the alleged burglary. For this reason we hold that the appellant has not demonstrated prejudice to his substantial rights.

The judgment of the trial court is affirmed.