Thomas Connor NOLAN, II, Appellant,

v.

The STATE of Texas, Appellee.

No. 67665.

Court of Criminal Appeals of Texas, Panel No. 2.

March 10, 1982.

Rehearing Denied April 14, 1982.

Before ONION, P.J., and TOM G. DAVIS and CLINTON, JJ., concur.

## OPINION

CLINTON, Judge.

This is a credit card abuse case. V.T.C.A. Penal Code, § 32.31(b)(1)(B).[1] Convicted on his plea of guilty and judicial confession, which is a mirror image of the allegations made in the indictment, appellant now contends that the judgment should be reversed on one or more of five grounds of error that contend for one reason or another the trial court erred in overruling his motion to quash the indictment. Finding no error in any of that, we will affirm the judgment.

Tracking the statutory language made applicable by what we must presume are facts of the matter,[2] the indictment alleges that on a given date appellant

"... did unlawfully, knowingly and intentionally with intent to fraudulently obtain property, namely: produce ... from Kathy Pittman, the owner of said property, present to Kathy Pittman and thereby use a Bank Americard credit card number 4640–790–217–128 with knowledge that such credit card had been revoked and cancelled..."

Beginning August 15, 1980, there are docket sheet entries resetting the case successively for "Guilty Plea" until September 26, 1980. On that day appellant filed his motion to quash which predicates the grounds of error presented in his appellate brief.[3] From the "Statement of Facts Plea

Michael C. Barrett, Dallas, for appellant.

Henry Wade, Dist. Atty. & Deborah E. Farris & Richard Worthy, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

1. As pertinent to the indictment, appellant's written judicial confession and his grounds of error, the statute denounces the conduct of one who "with intent to obtain property ... fraudulently ... presents or uses a credit card with knowledge that the card ... has been revoked or cancelled." A "credit card" is "an identification card ... or any other device authorizing a designated person or bearer to obtain property or services on credit," id., § 32.31(a)(2).

2. The facts of the matter were not developed otherwise than through appellant's written judicial confession. The only transcription of the notes of the court reporter in the record before us is entitled "Statement of Facts Plea of Guilty."

3. The first four grounds of error assail the indictment for failing to set forth an offense in plain and intelligible words in that it does not allege in what manner the Bank Americard was "presented" and "used," in that it does not sufficiently explain what is intended so as to enable him to ascertain with particularity what offense is charged in order to permit him to defend himself, in that the offense is charged inferentially and by implication and in that it does not meet the constitutional requirement of Article I, § 10 that an accused be given notice of the nature and cause of the accusation against him. The fifth ground of error con-

of Guilty" we learn that appellant presented his motion to the trial court from the following reported exchange that precedes all else transcribed by the court reporter, *viz*:

> "THE COURT: Is there *any* argument on the Motion to Quash?[4]
>
> [DEFENSE]: No, sir.
>
> THE COURT: The Court will overrule or deny the Motion to Quash."

The court then called the case for trial and both sides announced ready. Appellant waived arraignment, was admonished fully and particularly with reference a plea bargain agreement[5] and entered his plea of guilty; the State offered and without objection the court admitted appellant's written judicial confession.[6] The trial court found appellant guilty as charged and assessed his punishment precisely in terms of the plea bargain agreement.

■ In these circumstances we are impelled by *Craven v. State*, 613 S.W.2d 488 (Tex.Cr.App.1981) to overrule the first four grounds of error, for "the record before us will not shed any light on the ultimate issue of prejudice to substantial rights of appellant, though there be error in denying the motion to quash," *id.*, at 490; Article 21.19, V.A.C.C.P.[7]

■ The fifth ground of error, however, challenges the indictment on a matter of substance, and that must be addressed. It is asserted that the statutory language on which the indictment is based is "unconstitutionally vague and ambiguous in that it does not sufficiently define the terms 'presents or uses'," thereby making it impossible for one to determine whether what is denounced is presenting and using a revoked or cancelled credit card "for the purpose of *payment* or for the purpose of identification in connection with the issuance of a sight draft or check or for any other purpose."[8]

For its part, the State correctly points out that a statute will not be found vague and indefinite merely because the words or phrases are not specially defined, citing *Koah v. State*, 604 S.W.2d 156, 162 (Tex.Cr. App.1980), and then argues that it is enough that statutory language "can be measured by common understanding and practices, or construed in sense generally understood." A section of the Code Construction Act, which we are enjoined by V.T.C.A. Penal Code, § 1.05(b) to apply, is to that effect, Article 5429b–2, § 2.01, V.A. C.S., and we are also to consider certain presumptions prescribed by *id.*, § 3.01[9] and the matters enumerated in *id.*, § 3.03.[10]

Practically all principles for measuring whether a statutory provision is void for vagueness are collected in *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). Their essence is that when persons of ordinary intelligence must necessarily guess at its meaning and differ as to its application, a statutory provision is so flawed that it grants unfettered discretion to law enforcement officers. *Howard v. State*, 617 S.W.2d 191, 192 (Tex. Cr.App.1979). Applying the pertinent guidelines in the Code Construction Act, supra, we find the statutory provision is not impermissibly vague.

---

tends that the statutory provision underlying the allegations of the indictment is unconstitutional in that it does not sufficiently define the terms "presents or uses."

4. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

5. The bargain had been reduced to writing, was executed and is in the record.

6. Omitting the conclusionary adverb "unlawfully," the written judicial confession sworn and subscribed to by appellant follows the indictment verbatim.

7. The legislative admonition is that an indictment "shall not be held insufficient, nor shall the trial, judgment or other proceedings thereon be affected, by reason of any defect of form which does not prejudice the substantial rights of the defendant."

8. Emphasis by appellant.

9. Such as "a just and reasonable result" and "a result feasible of execution" are intended.

10. One is the "object sought to be attained" and another is "consequences of a particular construction."

The vice § 32.31(b)(1)(B) aims to eradicate is offending conduct in the nature of theft. See Practice Commentary following § 32.31. Its essence is scienter: "intent to obtain property ... fraudulently ... with knowledge that the [credit] card ... has been revoked or cancelled." The "bodily movement" of such a person who "presents or uses" a revoked or cancelled credit card is an act, V.T.C.A. Penal Code, § 1.07(a)(1),[11] which completes the offense. In this context there is nothing vague or ambiguous in stating the *act* that is an element of the offense in terms of "presents or uses," for they are words of such common usage that the simple act of presenting or using may be clearly understood.

Appellant's contention looks behind the act to find uncertainty in what he calls its "purpose." Though "purpose" is not an element of an offense identified by *id.*, § 1.07(a)(13),[12] as a possible ingredient of an element, "purpose" is included in the scienter prescriptions pointed out above. Thus, under *id.*, § 6.03(a) one acts with intent when it is his "conscious objective" to engage in the conduct or cause the result, and under § 6.03(b) one acts with knowledge when he is aware that his conduct is "reasonably certain" to cause the result. So, when the statute proscribes presenting or using a credit card with intent to obtain property fraudulently by one who knows the card has been revoked or cancelled there is nothing uncertain about the "purpose" for which the act is done.

Accordingly, we hold that the part of § 32.31(b)(1)(B) implicated here is not void for vagueness. The fifth ground of error is overruled.

The judgment of conviction is affirmed.

11. "(1) 'Act' means a bodily movement ... and includes speech."

12. The elements of an offense are: "(A) the forbidden conduct;

(B) the required culpability;
(C) any required result; and
(D) the negation of any exception to the offense."