**Harry Mendel JEFFERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 68114 to 68121.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 23, 1981.

On Rehearing Feb. 2, 1983.

Rehearing Denied March 16, 1983.

---

Melvyn Carson Bruder, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Karen Chilton Beverly and Ron Pool, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for the State, on rehearing.

Before ROBERTS, TOM G. DAVIS and W.C. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeals are taken from eight convictions for gambling promotion. V.T.C.A. Penal Code, Sec. 47.03(a)(2). Appellant was convicted in a trial before the court following his pleas of guilty. Punishment in each cause was assessed at three years, probated.

Appellant presents the same single ground of error in each of these appeals. He maintains the court erred in overruling his motion to quash each of the indictments for failing to specify the "manner or means" whereby he received a bet and offer to bet.

The indictment in each cause is identical except for the date of the offense and the teams upon which the bet and offer to bet

were received. The indictment in our Cause No. 68,114 alleges in pertinent part that on August 5, 1978, appellant did:

"intentionally and knowingly receive a bet and offer to bet by RICHARD L. BENTON on a game, namely, a professional football game between the Dallas Cowboys and the San Francisco 49ers."

■ Initially, we note that appellant's pleas of guilty have not waived the matter of his motion to quash the indictments. The motions were written and filed prior to trial. Further, the records reflect that the pleas of guilty were the result of a plea bargain and that the punishment assessed by the court did not exceed the punishment recommended by the prosecutor and agreed to by appellant and his attorney. Thus, the matter of appellant's motion to quash the indictments has been preserved for appellate review within the provisions of Art. 44.02, V.A.C.C.P. See *Craven v. State*, Tex.Cr.App., 613 S.W.2d 488.

Appellant does not urge that the indictments are defective for failing to allege all of the elements of the offense. In *Rush v. State*, Tex.Cr.App., 576 S.W.2d 628, an indictment similar to appellant's under the provisions of Sec. 47.03(a)(2), supra, was found sufficient to allege the offense of gambling promotion.

Appellant contends that the indictments failed to apprise him of the charges against him with such particularity so as to enable him to prepare a defense. Specifically, he urges that the indictments failed to allege facts sufficient to give him notice of the manner and means whereby he *received* a bet and offer to bet. This contention was raised prior to trial, and therefore the fundamental constitutional protections of adequate notice and due process are involved. *McManus v. State*, Tex.Cr.App., 591 S.W.2d 505. These protections require careful examination and consideration from the perspective of the accused. *Haecker v. State*, Tex.Cr.App., 571 S.W.2d 920.

■ When considering a motion to quash, it is not sufficient to say that the accused knew with what offense he was charged; rather, the question presented is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Haecker v. State,* supra; *Moore v. State,* 532 S.W.2d 333. In *Thomas v. State,* Tex.Cr.App., 621 S.W.2d 158 (Tex.Cr.App.1981), this Court stated:

"The general rule is that a motion to quash will be allowed if the *facts* sought are *essential* to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the State. *Smith v. State,* 502 S.W.2d 133 (Tex.Cr.App.1973); *Cameron v. State,* 401 S.W.2d 809 (Tex.Cr.App.1966). Moreover, when a term is defined in the statutes, it need not be further alleged in the indictment. *American Plant Food Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App. 1974); . . .
"
". . .
"The only viable alternative is allowing the trial judge sound discretion in granting a motion to quash. *Lamb v. State,* [98 Tex.Cr.R. 358] 265 S.W. 1035 (1924). Reaffirmation of this rule allows this Court to review the trial court's action on a case by case basis. The motion to quash will be granted where the language concerning the defendant's conduct is so vague or indefinite as to deny the defendant effective notice of the acts he allegedly committed. . . ." (Emphasis in original).

In *Cruise v. State,* Tex.Cr.App., 587 S.W.2d 403, the defendant was convicted of robbery by causing bodily injury under V.T. C.A. Penal Code, Sec. 29.02(a)(1). On appeal, he urged the trial court had erred in denying his motion to quash the indictment. The motion complained that the indictment failed to allege the manner and means by which the defendant *caused* bodily injury to the complainant. This Court found that the trial court erred in overruling the defendant's motion to quash and stated:

"We believe it unnecessary in our inquiry to go beyond the prescription of Art. 21.-03, V.A.C.C.P., that 'everything should be stated in an indictment which is neces-

sary to be proved.' We fail to see in what manner the State might hope to prove to the jury beyond a reasonable doubt that appellant caused bodily injury to the complainant, without adducing facts that described the way in which he did so. This being the case, the trial court committed reversible error in refusing to order the State to disclose such facts when confronted with appellant's motion to quash the indictment for the reasons stated...." Id. at 404.

In *Haecker v. State,* supra, the defendant was convicted of cruelty to animals under V.T.C.A. Penal Code, Sec. 42.11(a)(1). The information in that case used the term "torture" as its only description of the criminal act. The trial court overruled the defendant's motion to quash in which it was urged that the term torture failed to provide adequate notice of the offense charged. On appeal, this Court found that the trial court had erred in overruling the defendant's motion to quash due to the diverse number of acts which are includable within the word torture. See also *Ellis v. State,* Tex.Cr. App., 613 S.W.2d 741; *Drumm v. State,* Tex.Cr.App., 560 S.W.2d 944; *Swabado v. State,* Tex.Cr.App., 597 S.W.2d 361.

█ The essence of each of the eight offenses, as alleged in the indictments, was appellant's act in receiving a bet and offer to bet by a named individual. The indictments fail to specify the manner by which appellant *received* the bets and offers to bet. Such items could have been received a number of ways including: in person, through a third party, over the telephone, at a drop or through the mail. We fail to see in what manner the State sought to prove beyond a reasonable doubt that appellant received bets and offers to bet by an individual, without adducing facts which described how the receipt took place. Appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. We conclude the trial court erred in overruling appellant's motion to quash.

Under such circumstances the indictments will be dismissed. *Brasfield v. State,* Tex. Cr.App., 600 S.W.2d 288.

The judgments are reversed and the indictments are ordered dismissed.

Before the court en banc.

## ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

These are appeals from convictions for gambling promotion. On original submission the judgments were reversed and the indictments were ordered dismissed because the trial court erroneously overruled the motions to quash the indictments for failure to specify the "manner or means" whereby appellant received a bet and offer to bet in each case. We granted leave to file the State's motion for rehearing in order to examine the applicability of *Craven v. State,* 613 S.W.2d 488 (Tex.Cr.App.1981), in view of the fact that no statement of facts from the hearing on the motion is in the record. We conclude that *Craven v. State,* to the extent it created a test for determining the merits of a motion to quash that requires a statement of facts is not sound law and should be overruled.

*Craven* held that the merits of a motion to quash an indictment for insufficient notice "simply cannot be made without reviewing a statement of facts." The three cases cited to support that conclusion, including one characterized as "directly in point" (*Taylor v. State,* 134 Tex.Cr.R. 561, 116 S.W.2d 392), do not support the proposition. The *Taylor* case disposed of the only bill of exception, relating to the motion to quash, on the merits. Then in a separate paragraph the court observed that no statement of facts was before it, apparently a remark intended to reveal the reason for no discussion of other issues customarily reviewed. See, e.g., *Goodale v. State,* 116 S.W.2d 390 (Tex.Cr.App.1938); *Johnson v. State,* 116 S.W.2d 392 (Tex.Cr.App.1938); *Horton v. State,* 134 Tex.Cr.R. 529, 116 S.W.2d 394; *Johnson v. State,* 116 S.W.2d 399 (Tex.Cr.App.1938); *James v. State,* 134 Tex.Cr.R. 530, 116 S.W.2d 401.

The test for deciding the sufficiency of an indictment in the face of a motion to quash for insufficient notice is to examine the indictment from the perspective of the accused. *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977). The sufficiency of the indictment to give adequate notice must be determined in light of the presumption of innocence. *Drumm*, supra. The notion expressed in *Craven* that an assertion of insufficient notice must be substantiated by evidence presented by the accused and reflected in a statement of facts is contrary to the presumption of innocence and ignores the holding of *Drumm*, supra. While a statement of facts may shed additional light on the basis that was urged for a motion to quash, it is not prerequisite to reaching the merits of the issue.

*Craven*, supra, also relied on the requirement of Art. 21.19, V.A.C.C.P., that prejudice to some substantial right of the accused be shown before an indictment is held insufficient. The constitutional right to adequate notice of the charges against him from the face of the indictment is the substantial right invoked by filing a motion to quash for insufficient notice. *Brasfield v. State*, 600 S.W.2d 288 (Tex.Cr.App.1980). To require evidence reflected in a statement of facts to establish insufficient notice is to ignore the requirement that notice appear on the face of the indictment. Examination of the indictment, not the evidence, is the ultimate test.

*Craven v. State*, supra, is overruled.

The motion for rehearing is denied.

1. Among pleadings of an accused prescribed by Article 27.02, V.A.C.C.P., is: "(1) A motion to set aside or an exception to an indictment or information for some matter of form or substance." Article 27.03, *id.*, in addition to those authorized by law, lists three grounds for a motion to set aside; Article 27.08, *id.*, restricts exceptions to substance to four enumerated ones; Article 27.09, *id.*, gives three general grounds for exceptions to form. See also Article 28.01, id., for matters to be determined at pretrial hearing, e.g., "(4) Exceptions to the form or substance of the indictment..."

2. Appellant's precise contention was: "There is no way the State could have discharged its burden of proof ... without adducing facts that described the agreement [to bet], the par-

CLINTON, Judge, dissenting.

On original submission a panel opinion reversed the judgments of conviction and ordered the indictments dismissed because the trial court had overruled an exception to the form of each indictment—styled a motion to quash.[1] The panel correctly referred to *Craven v. State*, 613 S.W.2d 488 (Tex.Cr.App.1981), in finding that the claimed error had been preserved for appellate review,[2] but it did not address the legislative admonition of Article 21.19, V.A. C.C.P., on which the judgment in *Craven* was affirmed, in that "the record before us will not shed any light on the ultimate issue of prejudice to substantial rights of appellant," *id.*, at 490.

For more than one hundred years our code of criminal procedure has insisted:

"An indictment shall not be held insufficient, *nor shall the* trial, *judgment* or other proceedings thereon *be affected,* by reason of any defect of *form* which does not prejudice the substantial rights of the defendant."[3]

Article 21.19, V.A.C.C.P. One of the few remaining parts of the "Common Sense Indictment Act,"[4] the provision obviously was an effort by the Legislature to bar reversing a judgment of conviction for defects of form in an indictment (or information).[5] See *Cresencio v. State*, 73 Tex.Cr.R. 436, 165 S.W. 936, 938 (1914); *Gragg v. State*, 148 Tex.Cr.R. 267, 186 S.W.2d 243, 246 (1945) (Graves, J., dissenting).

ties to the agreement, and the 'something of value' involved. In short, it was necessary for the State to prove the manner and means whereby the defendant 'received a bet and offer to bet.'"

3. All emphasis is added by the writer of this opinion unless otherwise indicated.

4. Acts 1881, 17th Leg., ch. 57, p. 60. See forms of indictment set out in Historical Note following Article 21.16, V.A.C.C.P.

5. Quoted approvingly and followed literally in *Jones v. State*, 504 S.W.2d 442, 443, 444 (Tex. Cr.App.1974).

*American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974) found:

"The last two requirements stated in *Terry* [*v. State,* Tex.Cr.App., 471 S.W.2d 848], supra, that the State's pleading must allege facts sufficient to bar a subsequent prosecution and sufficient to give the defendant *notice* of precisely what he is charged with, though relating to the substance of the charge in one sense, are, in contemplation of exceptions under Articles 27.08 and 27.09, supra, grounds for an *exception to the form* under Articles 27.09(2) and 21.21(7), and not for an exception to the substance under Article 27.08(1)." *Id.,* at 603.

Therefore, when a trial court overrules a "notice" exception to form, and the issue is properly brought to an appellate court for review by ground of error, the ultimate question of law is whether, assuming a defect as to form in the indictment may be found, a judgment of conviction must be ipso facto reversed without a showing of prejudice to substantial rights of appellant. *Craven v. State,* 613 S.W.2d 488 (Tex.Cr.App.1981) concluded that "the record before us will not shed any light on the ultimate issue of prejudice to substantial rights of appellant, though there be error in denying the motion to quash," and overruled a ground of error asserting a "notice" exception had been erroneously rejected by the trial court.[6]

Of course, sufficiency of an indictment with respect to notice is facially tested " 'by itself, as a pleading,' just as was most recently done in *Lindsay v. State,* 588 S.W.2d 570, 572 (Tex.Cr.App.1979) and *Doty v. State,* 585 S.W.2d 726 (Tex.Cr.App. 1979)," *Brasfield v. State,* 600 S.W.2d 288, 294 (Tex.Cr.App.1980), and from the perspective of the accused, *King v. State,* 594 S.W.2d 425, 426 (Tex.Cr.App.1980).[7] But to find that a motion to quash has "merits" does not answer the question under Article 21.19, supra, whether substantial rights of the accused have been prejudiced by overruling the motion and then taking his plea of guilty and his judicial confession—comporting with allegations in the indictment—and entering a judgment of conviction thereon.

*Craven,* it must be remembered, and the instant case as well, is bottomed on a plea of guilty. Without more, by entering his plea of guilty appellant waived "all nonjurisdictional defects" in the indictment and other proceedings in the trial court. *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Cr.App. 1972). But there is more: the plea was entered pursuant to a plea bargain that was honored. Thus, to be sure, the Court is authorized by Article 44.02, supra, to review the ground of error, but we should not ignore the mandate of Article 21.19 and reverse the judgment without finding some harm suffered by appellant requires that disposition.[8] The majority partially justifies what it is doing by opining that *Taylor v. State,* 134 Tex.Cr.R. 561, 116 S.W.2d 392 (1939) was misunderstood by the Court in *Craven.* Rather than reiterate an interpretation, I merely reproduce all that follows a preliminary statement of the case, *viz:*

"The only bill of exception found in the record relates to appellant's motion to

---

6. *Nolan v. State,* 629 S.W.2d 940 (Tex.Cr.App. 1982) followed *Craven v. State,* supra, as did *Smith v. State,* 629 S.W.2d 238, 240 (Tex.App. —Ft. Worth 1982).

7. Neither *Craven* nor its followings hold that the *merits* of a motion to quash an indictment for insufficient notice cannot be made without reviewing a statement of facts. What we did say is that "a determination of the *kind of prejudice* a defect of form may have engendered" cannot be made without our reviewing a statement of facts. Nowhere in the annals of this Court has "prejudice" equalled "merits."

8. In the trial court a pretrial hearing was held on several motions of appellant; the motion to quash was presented and argued, but both parties waived the taking of it by the court reporter. In his brief appellant cites certain decisions of the Court preceding *Craven* to show that he was "entitled" to allegations of facts showing "manner or means" of his committing the alleged offense; still, he does not indicate the slightest hint or suggestion of harm. From the record we cannot say the adverse ruling of the trial court prejudiced substantial rights of appellant. Article 21.19, supra; *Craven v. State,* supra; *Nolan v. State,* 629 S.W.2d 940 (Tex.Cr. App.1982).

quash the complaint and information. We deem it *unnecessary to discuss the ground* of the motion. The complaint and information are *sufficient to charge the offense.*

No statement of facts is brought forward. The judgment is affirmed."

As to the exact intendment of the Court, compare among others, where there is a statement of facts, *Cresencio v. State,* supra, 165 S.W. at 938:

"In this case it is an absolute certainty that appellant and no other was the identical person who is alleged to have committed the offense charged therein. He so testified, *and all of the evidence . . .* shows that he is that person. * * * And it is without a shadow of doubt shown that his substantial rights have in no way been prejudiced by not giving his full name, and therefore the indictment should not be held insufficient, nor should the trial, judgment, or other proceeding thereon be affected, by reason of any defect or imperfection of form in the indictment."

So here, being unable to say from the record that substantial rights of appellant have been prejudiced, I would grant the State's motion for rehearing and affirm the judgments of conviction.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., join.