**Dudley Darrington SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 68018–68024.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 12, 1983.

Roy L. Merrill, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton and Joe Revesz, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

### OPINION

MILLER, Judge.

This is an appeal from seven felony convictions of gambling promotion, V.T.C.A., Penal Code, § 47.03(a)(2). The court, after a trial before the jury, assessed punishment at four years confinement in each of the seven offenses. Punishment is to run concurrently.

Appellant has raised 31 grounds of error, including a contention that the indictments are defective, a challenge to the sufficiency of the evidence, a contention that the court erred in admitting evidence of an out-of-court voice identification, and a contention that the statute under which he was convicted is unconstitutionally vague and overbroad.

We find that the trial court erred in overruling appellant's motion to quash the indictments and accordingly reverse appellant's convictions.

Appellant contends that the trial court erred in overruling his motion to quash the indictment in that the indictments failed to apprise him of the charges against him with such particularity so as to enable him to

prepare a defense. Specifically, appellant urges that the indictments failed to allege facts sufficient to give him notice of the manner and means whereby he received a bet and offer to bet.

■ In the case at bar the indictment in each cause is identical except for the date of each offense and the teams upon which the bet and offer to bet were received.

The indictment in our Cause No. 68,018 alleges in pertinent part that on August 26, 1978, appellant did:

"intentionally and knowingly receive a bet and offer to bet by RICHARD L. BENTON on a game, namely, a professional football game between the Dallas Cowboys and the Pittsburgh Steelers."

In *Jeffers v. State,* 646 S.W.2d 185 (Tex. Cr.App.1983), the defendant was also convicted of gambling promotion under V.T. C.A., Penal Code, § 47.03(a)(2). The indictments in *Jeffers* are essentially identical to the ones in the instant case. The trial court in *Jeffers* overruled defendant's motion to quash in which it was urged that the indictment failed to allege facts sufficient to give appellant notice of the manner and means whereby he received a bet and offer to bet. On appeal, this Court noted that the bets could have been received in a number of ways including: in person, through a third party, over the telephone, at a drop, or through the mail. The Court stated:

"We fail to see in what manner the State sought to prove beyond' a reasonable doubt that appellant received bets and offers to bet by an individual without adducing facts which described how the receipt took place. Appellant's motion to quash entitled him to the allegation of facts sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged." *Jeffers,* supra at 188.

The holding in *Jeffers* applies to the instant case. We find that the trial court erred in overruling the appellant's motion to quash.

■ Since sufficiency of the evidence is also raised, a brief review of the facts is appropriate. The record reveals that the appellant was charged with receiving $50 bets on seven athletic events from Richard L. Benton, an undercover officer for the organized crime task force of the Dallas Police Department. Benton, the State's key witness, testified that on July 13, 1978, he met Virgil Herrell, an acquaintance of the appellant, and asked Herrell if he knew where Benton could place a bet. After Herrell placed a bet for the police officer by phoning the appellant, Herrell later gave appellant's telephone number to Benton and subsequent betting transactions between Benton and appellant occurred. Benton testified he called appellant on seven occasions between July 22, 1978, and March 26, 1979, to place bets on collegiate and professional athletic events. The appellant identified himself in the conversations; the conversations were tape recorded by the police officer. Benton testified that he paid the appellant by leaving or collecting the money, depending upon the nature of the bet and the result of the game, with Herrell, a third party who acted as an intermediary for collecting and dispensing the money involved. Herrell testified that both Benton and the appellant separately came to his auto repair shop on numerous occasions and deposited or received money, depending upon the terms of the bet. Benton testified that the appellant collected a $5 commission on each of the bets, regardless of the wager between the two parties. A telephone company supervisor testified that phone company records indicated that the appellant was billed for calls made from the phone number used in the transactions. Appellant did not present any evidence.

Appellant's contention that the evidence is insufficient to support his convictions on gambling promotion is without merit. The sufficiency of the evidence must be reviewed in the light most favorable to the determination made by the finder of fact. *Valore v. State,* 545 S.W.2d 477 (Tex.Cr. App.1977). The evidence, discussed previously, is clearly sufficient to support the convictions.

Appellant also attacks the constitutionality of V.T.C.A., Penal Code, § 47.-03(a)(2),[1] alleging that the vague language of the statute fails to define what conduct is prohibited. Specifically, appellant draws our attention to V.T.C.A., Penal Code, § 47.02(a)(1)[2] and complains that the Legislature's failure to define the terms "make a bet" in § 47.02(a)(1) and "receive a bet" in § 47.03(a)(2) renders the statute under which he was convicted vague and therefore unconstitutional.

It is well settled that the constitutionality of a statute will not be determined in any case unless such a determination is absolutely necessary to decide the case in which the issue is raised. *Ex Parte Salfen*, 618 S.W.2d 766 (Tex.Cr.App.1981). See *Bowen v. United States*, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975); *United States v. International Union United Auto, Aircraft and Agricultural Implement Workers of America*, 352 U.S. 567, 77 S.Ct. 529, 1 L.Ed.2d 563, rehearing denied 353 U.S. 943, 77 S.Ct. 808, 1 L.Ed.2d 763 (1957); *Ashwander v. Tennessee Valley Authority*, 297 U.S. 288, 56 S.Ct. 466, 80 L.Ed. 688 (1936). Therefore, under the well established rules of construction, we will not determine the questions raised concerning the constitutionality of the statute on gambling promotion under V.T.C.A., Penal Code, § 47.-03(a)(2) and § 47.02(a)(1).[3]

The judgments are reversed and the indictments are ordered dismissed.

CLINTON, Judge, concurring.

As one who dissented with opinion in *Jeffers v. State*, 646 S.W.2d 185, 189–191 (Tex.Cr.App.1983), I adhere to the view that when the plea is guilty *Craven v. State*, 613 S.W.2d 488 (Tex.Cr.App.1981) correctly enunciated the law with respect to appellate review and disposition of a ground of error complaining that a trial court erroneously overruled a motion to quash pointing out a defect as to form in an indictment or other charging instrument. That is, "the

1. V.T.C.A., Penal Code, § 47.03, Gambling Promotion:

"(a) A person commits an offense if he intentionally or knowingly does any of the following acts:
(1) operates or participates in the earnings of a gambling place;
(2) *receives, records, or forwards a bet or offer to bet*;
(3) for gain, becomes a custodian of anything of value bet or offered to be bet;
(4) sells chances on the partial or final result of or on the margin of victory in any game or contest or on the performance of any participant in any game or contest or on the result of any political nomination, appointment, or election or on the degree of success of any nominee, appointee, or candidate; or
(5) for gain, sets up or promotes any lottery or sells or offers to sell or knowingly possesses for transfer, or transfers any card, stub, ticket, check or other device designed to serve as evidence of participation in any lottery.
(b) An offense under this section is a felony of the third degree."
(Vernon 1974) (emphasis added)

2. V.T.C.A., Penal Code, § 47.02, Gambling:

"(a) A person commits an offense if he:
(1) *makes a bet on the partial or final result of a game or contest* or on the performance of a participant in a game or contest;
(2) makes a bet on the result of any political nomination, appointment, or election or on the degree of success of any nominee, appointee, or candidate; or
(3) plays and bets for money or other thing of value at any game played with cards, dice or balls.
(b) It is a defense to prosecution under this section that:
(1) the actor engaged in gambling in a private place;
(2) no person received any economic benefit other than personal winnings; and
(3) except for the advantage of skill or luck, the risks of losing and the chances of winning were the same for all participants.
(c) An offense under this section is a Class C misdemeanor."
(Vernon 1974) (emphasis added)

3. Noting that the defect in the indictments is readily curable and that appellant was vigorously prosecuted, as evidenced by the eight felony indictments returned against him, the writer of the majority opinion, but obviously not the majority, would have gone further and addressed the voice identification issue and the constitutionality issue in order to "obviate recurring complaints and channel the flow of a new trial." *Brasfield v. State*, 600 S.W.2d 288 at 295 (Tex.Cr.App.1980). Tex.Jur. 3rd, Criminal Law, § 4259. See also *White v. Regester*, 412 U.S. 755, 762, 93 S.Ct. 2332, 2337, 37 L.Ed.2d 314 (1973).

ultimate question of law is whether, assuming a defect as to form in the indictment may be found, a judgment of conviction must be *ipso facto* reversed without a showing of prejudice to substantial rights of appellant," *Jeffers v. State,* supra, at 190 (Clinton, J., dissenting).[1]

However, *Craven* was overruled by a majority of this Court in *Jeffers,* also a conviction on a plea of guilty. Today a majority applies the holding in the panel *Jeffers* opinion on original submission to find that the trial court erred in overruling appellant's motion to quash. The rationale of the *Jeffers* en banc opinion on motion for rehearing is not discussed or mentioned by the majority. Presumably it is not being implicated.

Accordingly, I concur in the judgment of the Court.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., join.

---

1. The court followed *Craven* in *Nolan v. State,* 629 S.W.2d 940 (Tex.Cr.App.1982) and so did courts of appeals in, e.g., *Patterson v. State,* 628 S.W.2d 518 (Tex.App.—Fort Worth 1982) and *Smith v. State,* 629 S.W.2d 238 (Tex.App. —Fort Worth, 1982).