OPINION ON STATE’S PETITION FOR DISCRETIONARY REVIEW
PER CURIAM.
Appeal is taken from a conviction for burglary of a vehicle. Appellant was convicted in a trial before the court and punishment was assessed at five years.
The Court of Appeals reversed appellant’s conviction after concluding the trial court erred in denying appellant’s motion to quash the indictment. Walters v. State, *331 691 S.W.2d 22 (Tex.App.—Dallas, 1985). The Court of Appeals followed this Court’s opinion in Bonner v. State, 640 S.W.2d 601 (Tex.Cr.App.1982), in which it was held that an indictment simply alleging burglary of a “vehicle” was subject to a motion to quash for failing to adequately describe the vehicle. Finally, the Court of Appeals cited this Court’s opinion in Jeffers v. State, 646 S.W.2d 185 (Tex.Cr.App.1983), in holding that the notice defect in appellant’s indictment required the reversal of the conviction.
In deciding this case, the Court of Appeals did not have the benefit of this Court’s recent opinion in Adams v. State, (Tex.Cr.App. No. 364-84, delivered 2/5/86). There, this Court set forth the following analysis to be utilized when considering an issue concerning a motion to quash:
“The important question is whether a defendant had notice adequate to prepare his defense. The first step in answering this question, but only the first step, is to decide whether the charging instrument failed to convey some requisite item of ‘notice’. The next step is to decide whether, in the context of the case, this had an impact on the defendant’s ability to prepare a defense, and finally, how great an impact. To the extent that the holding on State’s motion for rehearing in Jeffers, [v. State, 646 S.W.2d 185 (Tex.Cr.App.1983)], bars the further inquiry mandated by Article 21.19, [V.A.C.C.P], the holding in Jeffers is overruled.”
Therefore, pursuant to the authority conferred on this Court by Article 44.45(b), V.A.C.C.P., and Tex.Cr.App.R. 304(a), (H), the State’s petition for discretionary review is summarily granted. The cause is remanded to the Court of Appeals for the Fifth Supreme Judicial District for reconsideration of appellant’s second ground of error in light of this Court’s opinion in Adams v. State, supra. This Court expresses no opinion with respect to the ultimate disposition of the ground of error.
The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.
ONION, P.J., and TEAGUE, J., dissent.